Mark CLEMENT, Plaintiff,

v.

PUBLIC SERVICE ELECTRIC AND GAS COMPANY and Employee John Doe ("Mark") Both as an Agent and Individually, Defendants.

No. CIV. A. 99–5370.

United States District Court,
D. New Jersey.

Dec. 11, 2000.

Lorraine Harris, Gibbstown, NJ, for Plaintiff, Mark Clement.

Hope M. Pomerantz, Associate General Attorney, Public Service Electric and Gas Company, Newark, NJ, for Defendants, Public Service Electric and Gas Company and John Doe.

## OPINION

ORLOFSKY, District Judge.

In this case, plaintiff's counsel, Lorraine Harris, Esq. ("Harris"), has filed a Complaint on behalf of plaintiff, Mark Clement ("Clement"), which unfortunately requires this Court to conduct an inquiry to determine whether Harris has violated Rule 11 of the Federal Rules of Civil Procedure. Indeed, the Complaint which Harris has filed in this case raises serious questions about her professional competence to practice law. Defendants, Public Service Electric and Gas Company ("PSE & G") and employee John Doe ("Mark") (sic) ("the Doe Defendant") have moved to dismiss the Complaint for failure to state a claim upon which relief can be granted pursuant to Fed.R.Civ.P. 12(b)(6) and for sanctions pursuant to Fed.R.Civ.P. 11. For the reasons set forth below, I shall grant the motion to dismiss without prejudice to the filing of an amended Complaint within thirty (30) days of the filing of this Opinion, that is, on or before January 10, 2001. I shall deny the motion for Rule 11 sanctions at this time, however, I shall issue an Order to Show Cause, returnable before this Court on January 19, 2001 at 9:30 a.m., requiring Harris to show cause whether she has violated Fed.R.Civ.P 11(b)(2).

### I. *ALLEGATIONS OF THE COMPLAINT*

The Complaint which Harris has filed on behalf of Clement contains a confusing array of legal theories which make it difficult to understand the causes of action which are being asserted. Although Fed.R.Civ.P. 8(a)(1) requires that a Complaint contain "a short and plain statement of the grounds upon which the court's jurisdiction depends ...," Harris's jurisdictional statement, such as it appears in the Complaint, *See* Complaint, ¶s 1–4, is neither short, nor plain. An attorney practicing before a federal court should not plead a cause of action in a manner which requires a judge to guess as to the basis for the court's jurisdiction. The concept of "notice pleading" embodied in the Federal Rules of Civil Procedure is not a license to mystify. While *pro se* litigants are held to less stringent pleading standards, more is expected of members of the Bar. *See Haines v. Kerner,* 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

The facts giving rise to Clement's claim, unlike Harris' legal theories, are reasonably clear. The Complaint alleges that Clement, a thirty-six year old black male, a citizen of the United States, was employed by E.P. Henry. Complaint at ¶ 5. According to the Complaint, Clement "was acting within the scope of his employment when he was accosted by the defendant's (sic) agent named herein as a defendant known only to plaintiff as 'Mark,' hereinafter called 'John Doe' on November 19, 1997." Complaint at ¶ 5. According to the Complaint, Doe, an employee of PSE & G, got into a dispute with Clement about a parking space, and called plaintiff a racial epithet, while spitting in his face. *See* Complaint ¶¶ 11–20. As a result of Doe's repeated use of racial slurs, Clement alleges that he was intimidated, humiliated and has suffered emotional distress requiring medical treatment.

### II. *HARRIS'S LEGAL THEORIES*

While the facts giving rise to this Complaint are fairly clear, the legal theories upon which Harris is proceeding are far from clear. Clement was an employee of E.P. Henry. Doe was an employee of PSE & G. Count I of the Complaint, captioned "Retaliation in Violation of the Opposition Clause" alleges that the conduct and actions set forth in paragraphs one through twenty-five of the Complaint "... were violations of the Opposition Clause of

the Civil Rights Act of 1968 and the Civil Rights Act of 1866." Complaint at ¶ 30. Count II of the Complaint, captioned "Racial Discrimination under Section 1983 of the United States Code," simply alleges that Section 1983 was violated, without alleging any of the elements of a Section 1983 cause of action.

The legal standard by which a District Court must evaluate a motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6) is well settled in this Circuit. As the Court of Appeals has noted:

> "[A] motion to dismiss pursuant to Rule 12(b)(6) may be granted only if, accepting all well-pleaded allegations in the complaint as true, and viewing them in the light most favorable to plaintiff, plaintiff is not entitled to relief(citation omitted)." However, while our standard of review requires us to accept as true all factual allegations in the complaint, "we need not accept as true 'unsupported conclusions and unwarranted inferences'" (citation omitted). "[C]ourts have an obligation in matters before them to view the complaint as a whole and to base rulings not upon the presence of mere words but, rather, upon the presence of a factual situation which is or is not justiciable. We do draw on the allegations of the complaint, but in a realistic, rather than a slavish manner (citation omitted)."

*Doug Grant, Inc. v. Greate Bay Casino Corporation*, 232 F.3d 173, 183–84 (3d Cir. 2000)

With this legal standard in mind, I shall examine each count of plaintiff's Complaint.

## III. COUNT I—*RETALIATION IN VIOLATION OF THE OPPOSITION CLAUSE*

The so-called Opposition Clause is found in Section 2000e–3(a) of Title VII. It provides in relevant part:

> It shall be an unlawful employment practice for an employer to discriminate against any of his employees ... because [the employee] has opposed any practice made an unlawful employment practice by this subchapter, or because he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this subchapter.

42 U.S.C. § 2000e–3(a)(1994).

■ The Opposition Clause "... prohibits an employer from retaliating against an employee who has 'opposed' any practice by the employer made unlawful under Title VII; and prohibits an employer from retaliating against an employee who has 'participated' in any manner in an investigation under Title VII (citations omitted)." *Johnson v. University of Cincinnati*, 215 F.3d 561, 577(6th Cir.2000). *See also Robinson v. Southeastern Pennsylvania Transportation Authority*, 982 F.2d 892, 896 n. 4 (3d Cir.1993); *Booker v. Brown & Williamson Tobacco Co., Inc.*, 879 F.2d 1304 (6th Cir.1989); *Holden v. Owens–Illinois, Inc.*, 793 F.2d 745 (6th Cir.1986).

■ It is clear from the literal language of the Opposition Clause that a plaintiff who asserts a claim based upon it must be an employee of an employer who has retaliated against that employee because the employee has opposed any practice by the employer which is unlawful under Title VII. Clement, according to the Complaint, was not an employee of PSE & G. Thus, the Opposition Clause can have no application to the facts and circumstances alleged in the Complaint. Obviously, Clement cannot state a claim under the Opposition Clause against PSE & G and Doe, assuming of course that Clement is proceeding under Title VII. Moreover, there is nothing contained in the Complaint which indicates that prior to filing this action Clement filed a timely charge of employment discrimination with the Equal Employment Opportunity Commission ("EEOC") and received a "right to sue" letter from the EEOC. *See* 42 U.S.C. §§ 2000e–5(b), (e), and (f); *Alexander v. Gardner–Denver Company*, 415 U.S. 36, 94 S.Ct. 1011, 39

L.Ed.2d 147 (1974). Federal courts lack jurisdiction to hear Title VII claims unless a claim has previously been filed with the EEOC. *Trevino–Barton v. Pittsburgh National Bank,* 919 F.2d 874 (3d Cir.1990). Not only has Clement failed to allege that he filed a claim with the EEOC, he could not have filed such a claim against PSE & G under Title VII because PSE & G is not his employer. Thus, Count I of the plaintiff's Complaint clearly fails to state a cause of action against PSE & G and Doe.

## IV. COUNT II—*RACIAL DISCRIMINATION UNDER SECTION 1983 OF THE UNITED STATES CODE*

The starting point in analyzing Clement's Section 1983 claim begins with the statutory language itself, which provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or useage, of any State ... subjects ... any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law ...

■ The essence of a Section 1983 action is a deprivation of a federal or constitutional right by a party acting under color of State law. In other words, to violate Section 1983, PSE & G must be a "State Actor." Whether a public utility is a "State Actor" within the meaning of Section 1983 depends upon "... whether there is a sufficiently close nexus between the State and the challenged action of the regulated entity so that the action of the latter may be fairly treated as that of the State itself (citation omitted). The true nature of the State's involvement may not be immediately obvious, and detailed inquiry may be required in order to determine whether the test is met (citation omitted)." *Jackson v. Metropolitan Edison Company,* 419 U.S. 345, 351, 95 S.Ct. 449, 42 L.Ed.2d 477 (1974).

As one Court in this Circuit has noted in interpreting the Supreme Court's decision in *Jackson:*

> Jackson suggests that when a utility company exercises a power "traditionally associated with sovereignty," such as eminent domain, state action may well be present (citation omitted). However, mere business activities like "the furnishing of utility services" are not state functions (citation omitted).
>
> The PECO actions of which plaintiffs complain involve soliciting bids on a contract, negotiating a contract, and breaching a contract. These business endeavors do not evince any significant connection with the Commonwealth of Pennsylvania or any of its agencies.

*Dunlap v. Peco Energy Co.,* 1996 WL 617777 at *2 (E.D.Pa.1996).

■ While it is doubtful in this case that PSE & G was engaging in any acts traditionally associated with sovereignty based on the facts and circumstances set forth in the Complaint, Harris has not even bothered to allege that PSE & G was acting under color of State law in Count II of her Complaint. Once again, it is clear that Harris has failed to allege a cause of action upon which relief can be granted.

Under these circumstances, I shall grant Defendants' motion to dismiss for failure to state a claim upon which relief can be granted without prejudice. I shall, however, grant Plaintiff leave to amend within thirty (30) days. If Plaintiff fails to amend within thirty (30) days, or if the Amended Complaint is deficient, Defendants may renew their motion to dismiss. *See Shane v. Fauver,* 213 F.3d 113 (3d Cir.2000).

## V. *RULE 11 SANCTIONS*

■ Defendants have moved for sanctions under Rule 11, however, they have failed to comply with that portion of Rule 11 which requires that: "[a] motion for sanctions under this rule shall be made separately from other motions." *See* Fed. R.Civ.P. 11. Rule 11(c)(1)(A) "provides

that requests for sanctions must be made as a separate motion, i.e., not simply included as an additional prayer for relief contained in another motion." Fed. R.Civ.P. 11, Advisory Committee's Notes to 1993 Amendment. *See Slater v. Skyhawk Transportation, Inc.*, 187 F.R.D. 185, 201 (D.N.J.1999).

■ Rule 11, however, also permits the Court "on its own initiative, [to] enter an order describing the specific conduct that appears to violate subsection (b) and directing an attorney, law firm, or party to show cause why it has not violated subdivision (b) with respect thereto." Fed. R.Civ.P. 11(c)(1)(B). In deciding Defendants' motion to dismiss, I have determined that Ms. Harris may have violated Rule 11(b)(2), however, I must deny Defendants' motion for sanctions because they have failed to comply with the requirement of Rule 11(c)(1)(A). Accordingly, I shall issue an Order to Show Cause with this Opinion, which directs Ms. Harris to show cause whether she has violated Rule 11(b)(2)[1] and what sanctions, if any, should be imposed. In her response to the Order to Show Cause, Ms. Harris will have the opportunity to demonstrate that she conducted a "reasonable inquiry," *see* Fed. R.Civ.P. 11(b)(2), prior to signing and filing the Complaint in this case.

The Order to Show Cause will be returnable before this Court on January 19, 2001 at 9:30 a.m. Ms. Harris shall file and serve her brief in response to the Order to Show Cause on or before December 29, 2000. Defendants shall file their responsive papers on or before January 5, 2001, and Ms. Harris shall file and serve her reply brief, if any, on or before January 12, 2001. The Order to Show Cause will be decided on the papers without oral argument. The Court will enter an appropriate form of Order.

## ORDER

This matter have come before the Court on the motions of Defendants, Public Service Electric and Gas Company and John Doe, to dismiss the Complaint for failure to state a claim upon which relief can be granted pursuant to Fed.R.Civ.P. 12(b)(6) and for sanctions pursuant to Fed.R.Civ.P. 11, Hope M. Pomerantz, Esq., appearing for Defendants, Lorraine Harris, Esq., appearing for Plaintiff, Mark Clement; and,

The Court having considered the papers filed by the parties in support of and in opposition to the above motions, for the reasons set forth in the Opinion filed concurrently with this Order;

IT IS on this 11th day of December, 2000, hereby ORDERED that:

1. Defendants' motion to dismiss the Complaint for failure to state a claim upon which relief can be granted pursuant to Fed.R.Civ.P. 12(b)(6) is granted without prejudice;

2. Plaintiff shall have thirty (30) days from the filing of this Order and the accompanying Opinion to file an Amended Complaint, that is, on or before January 10, 2001;

3. If Plaintiff fails to amend his Complaint on or before January 10, 2001, or if the Amended Complaint is deficient, De-

---

1. Rule 11(b)(2) provides:
   Representations to Court. By presenting to the Court (whether by signing, filing, submitting, or later advocating) a pleading, written motion, or other paper, an attorney or unrepresented party is certifying that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances,—
   \* \* \* \*
   (2) The claims, defenses, and other legal contentions therein are warranted by existing law or by a non-frivolous argument for the extension, modification, or reversal of existing law or the establishment of new law.

fendants may renew their motion to dismiss the Complaint for failure to state a claim;

4. Lorraine Harris, Esq., shall show cause before this Court on January 19, 2001 at 9:30 a.m. whether she has violated Federal Rule 11(b)(2), and what sanctions, if any, should be imposed. Specifically, Ms. Harris shall show cause whether she conducted an "inquiry reasonable under the circumstances" that the claims she has asserted on behalf of Plaintiff in this case "are warranted by existing law or by a non-frivolous argument for the extension, modification, or reversal of existing law or the establishment of new law;"

5. Ms. Harris shall file and serve her brief in response to this Order to Show Cause on or before December 29, 2000;

6. Defendants shall file and serve their responsive papers on or before January 5, 2001;

7. Ms. Harris shall file and serve her reply brief, if any, on or before January 12, 2001;

8. The Court will decide the issues presented by this Order to Show Cause on the papers without oral argument, unless the Court specifically directs counsel to appear for oral argument.