Mark CLEMENT, Plaintiff,

v.

PUBLIC SERVICE ELECTRIC AND GAS COMPANY and Employee John Doe ("Mark") both as an Agent and Individually, Defendants.

No. CIV.A. 99–5370.

United States District Court, D. New Jersey.

Jan. 23, 2001.

---

Lorraine Harris, Gibbstown, NJ, for Mark Clement.

Hope M. Pomerantz, Associate General Attorney, Public Service Electric and Gas Company, Newark, NJ, Attorney for Public Service Electric and Gas Company and John Doe.

## SUPPLEMENTAL OPINION

ORLOFSKY, District Judge.

On December 11, 2000, this Court filed an Opinion and Order dismissing the Plaintiff's Complaint without prejudice and directing Plaintiff's counsel, Lorraine Harris ("Harris"), to show cause whether she had violated Federal Rule of Civil Procedure 11(b)(2). *See Clement v. Public Service Electric and Gas Company,* 122 F.Supp.2d 551 (D.N.J. 2000). For the reasons set forth below, I find that Harris violated Fed.R.Civ.P. 11(b)(2) by failing to conduct a reasonable

inquiry into the facts and applicable law before filing the Complaint in this case. Accordingly, I shall impose the following sanctions:

1. I hereby impose an admonition and publish this Supplemental Opinion;

2. Within the next twelve (12) months, Harris shall enroll in and complete courses in Federal Practice and Procedure and Civil Rights Law offered by a reputable Continuing Legal Education provider, or a law school accredited by the American Bar Association. Upon completion of these courses, Harris shall file an affidavit with this Court describing the courses she has taken and that she has successfully completed each such course;

3. I shall refer this matter to the Director of the Office of Attorney Ethics of the Supreme Court of New Jersey for further investigation to determine whether Harris has violated RPC 1.1 of the Rules of Professional Conduct adopted by the Supreme Court of New Jersey which are also applicable in this Court.[1]

## I. *HARRIS' RESPONSE TO THE ORDER TO SHOW CAUSE*

The underlying facts upon which this Court's Order to Show Cause is based are set forth in this Court's earlier Opinion, and will not be repeated here, except where necessary. *Clement v. Public Service Electric and Gas Company,* 122 F.Supp.2d 551, 552–54 (D.N.J.2000). In response to the Order to Show Cause, Harris filed a Letter Brief ("Harris Letter Brief") and an Affidavit ("Harris Affidavit"), both dated December 28, 2000. Both the Harris Affidavit and the Harris Letter Brief contain a litany of self-serving excuses for what can only be described as a shocking lack of diligence and

---

1. Local Civil Rule 103.1(a) of this Court, **JUDICIAL ETHICS AND PROFESSIONAL RESPONSIBILITY**, provides:

   (a) The Rules of Professional Conduct of the American Bar Association as revised by the New Jersey Supreme Court shall govern the conduct of the members of the bar admitted to practice in this Court, subject to such modifications as may be required or permitted by Federal statute, regulation, court rule or decision of law.

   RPC 1.1 of the Rules of Professional Conduct adopted by the New Jersey Supreme Court,

which is incorporated by reference into the Local Rules of this Court by Local Civil Rule 103.1(a), provides:

**RPC 1.1 Competence**

A lawyer shall not:

(a) Handle or neglect a matter entrusted to the lawyer in such manner that the lawyer's conduct constitutes gross negligence.

(b) Exhibit a pattern of negligence or neglect in the lawyer's handling of legal matters generally.

incompetence. According to the Harris Affidavit, Harris is "... a sole practitioner with a practice concentration in civil rights matters, ..." Harris Affidavit at ¶ 2. Harris states that it is her "... practice to rely on various texts and treatises in the preparation of pleadings and other legal documents in cases such as this." Harris Affidavit at ¶ 3. According to Harris, in this case, she drafted Count I of the Complaint based upon a form complaint found in a Matthew Bender Co. practice manual. Harris goes on to state:

> The form in question pleaded the Opposition Clause of Title VII in a case involving facts similar to this matter. I reasonably believed that the clause applied to this case since the discriminatory conduct complained of occurred while the plaintiff was working for an agent contractor of defendant PSE & G, the E.P. Henry Co., on premises controlled by PSE & G.

Harris Affidavit at ¶ 4.

As I explained in my earlier Opinion in this case:

> It is clear from the literal language of the Opposition Clause that a plaintiff who asserts a claim based upon it must be an employee of an employer who has retaliated against that employee because the employee has opposed any practice by the employer which is unlawful under Title VII. Clement, according to the Complaint, was not an employee of PSE & G. Thus, the Opposition Clause can have no application to the facts and circumstances alleged in the Complaint.

*Clement v. Public Service Electric and Gas Company,* 122 F.Supp.2d at 553.

Ms. Harris has simply missed the point. Harris copied a form complaint out of a practice manual without regard to the facts and law applicable to this case. Attorneys who merely copy form complaints and file them in this Court without conducting independent legal research and examining the facts giving rise to a potential claim do so at their peril. Lawyers are not automatons. They are trained professionals who are expected to exercise independent judgment.

In response to her failure to file a timely charge with the Equal Employment Opportunity Commission ("EEOC") prior to filing a Title VII action in this Court, Harris states:

> I apologize to the Court for misinterpreting the procedural prerequisite of filing a timely charge with the Equal Employment Opportunity Commission, but that requirement is not contained in the text of the Opposition Clause found in 42 U.S.C. § 2000(e)(3)(a)(sic) of the Title VII(sic). *And, while I recognize that it was my obligation to have read the entirety of the statute, I ask the Court to take judicial notice that the annotated version spans several hundred pages, and that the jurisdictional prerequisite, is, apparently, not well known to even some practitioners more familiar with Title VII than myself.* (emphasis added).

Harris Affidavit at ¶ 5.

The italicized language of the Harris Affidavit set forth above is simply mind-boggling. It requires no further elaboration by this Court. Unfortunately, not only has Ms. Harris failed to conduct a reasonable inquiry into the facts and law prior to filing the Complaint in this case, it appears that she is incapable of doing so, and does not even understand why.

As to the Section 1983 claim which Harris alleged in Count II of the Complaint, Harris once again relied on a practice manual. She states that the practice manual:

> ... cited a case indicating that employers who contract a substantial percentage of their business with the State could be considered State actors. I further recall reviewing a PSE & G report indicating that it conducted a sizeable percentage of its business with the State of New Jersey. While I readily acknowledge that I did not fully understand the vagaries of the statute's "State action" requirement, it certainly seems reasonable to infer that the State, with all its many buildings and other facilities, must be PSE & G's largest customer by far.

Harris Affidavit at ¶ 6.

Harris fails to identify what case the treatise cited or what PSE & G report she reviewed before filing the Complaint. Once again, it is clear that Harris failed to conduct even a rudimentary pre-complaint investigation prior to filing the Complaint in this case.

According to the Third Circuit, "[t]he legal standard to be applied when evaluating conduct allegedly violative of Rule 11 is reasonableness under the circumstances." *Ford Motor Co. v. Summit Motor Prods., Inc.*, 930 F.2d 277, 289 (3d Cir.1991), (*citing Business Guides, Inc. v. Chromatic Communications Enterprises, Inc.*, 498 U.S. 533, 546–47, 111 S.Ct. 922, 112 L.Ed.2d 1140 (1991)), *cert. denied sub nom. Altran Corp. v. Ford Motor Co.*, 502 U.S. 939, 112 S.Ct. 373, 116 L.Ed.2d 324 (1991). The Third Circuit has defined "reasonableness" in the context of Rule 11 as "an 'objective knowledge or belief at the time of the filing of a challenged paper' that the claim was well-grounded in fact and law." *Id.* (citation omitted). A finding of "bad faith is not required." *Martin v. Brown*, 63 F.3d 1252, 1264 (3d Cir.1995). Thus, the standards under Rule 11 "eliminate any 'empty-head pure-heart' justification for patently frivolous arguments." Fed.R.Civ.P. 11, adv. cmte. notes.

To comply with Rule 11, counsel is required to conduct "a reasonable inquiry into both the facts and the law supporting a particular pleading." *Schering Corp. v. Vitarine Pharmaceuticals, Inc.*, 889 F.2d 490, 496 (3d Cir.1989). "At a minimum, Rule 11 requires 'unambiguously that any signer must conduct a reasonable inquiry or face sanctions.'" *Business Guides, Inc.*, 498 U.S. at 547, 111 S.Ct. 922. Pursuant to Rule 11, counsel who submit pleadings that are "frivolous, legally unreasonable, or without factual foundation" may appropriately be sanctioned by the court. *Slater v. Skyhawk Transp. Inc.*, 187 F.R.D. 185, 199–200 (D.N.J.1999) (Orlofsky, J.).

It is painfully obvious in this case that Harris has filed a complaint that is "frivolous, legally unreasonable, or without factual foundation." Accordingly, I find that she has violated Fed.R.Civ.P. 11(b)(2). I now turn to the question of the imposition of the appropriate sanctions.

## II. *SANCTIONS UNDER RULE 11*

As I have previously noted in the Rule 11 context, "[t]he appropriate sanction is one which is sufficient to deter repetition of such conduct or comparable conduct by others similarly situated." Fed.R.Civ.P. 11(c)(2). "The sanction may consist of, or include, directives of a non-monetary nature, or an order to pay a penalty into Court, or, if imposed on motion and warranted for effective deterrence, an order directing payment to the movant of some or all of the reasonable attorneys' fees and other expenses incurred as a direct result of a violation." *Id.*, *See Thomason v. Norman E. Lehrer, P.C.*, 182 F.R.D. 121, 131 (D.N.J.1998).

Thus, "what is appropriate may be a warm-friendly discussion on the record, a hard-nosed reprimand in open court, compulsory legal education, monetary sanctions, or other measures appropriate to circumstances." *Langer v. Monarch Life Ins. Co.*, 966 F.2d 786, 810 (3d Cir.1992). In *Langer*, the Third Circuit also instructed District Courts in this Circuit to "utilize the sanction that furthers the purposes of Rule 11 and is the least severe sanction adequate to such purpose." *Langer*, 966 F.2d at 810.

Based on the undisputed evidence before me, it is obvious that Ms. Harris' performance in this case not only violated Rule 11, but was well below the standard of competence expected of attorneys who practice in this Court. Under these circumstances, a monetary sanction is not appropriate. What is appropriate, however, is a public admonition, a requirement that Ms. Harris enroll in and complete basic legal educational courses, and that a further investigation be conducted by the appropriate disciplinary authorities to determine whether Harris is competent to practice law at all. The Court shall enter an appropriate Order.