Timothy LEUALLEN, et al., Plaintiffs,

v.

**BOROUGH OF PAULSBORO,** et al., Defendants.

Civil No. 99–4353(JBS).

United States District Court, D. New Jersey.

Jan. 10, 2002.

Samuel A. Malat, Law Offices of Samuel A. Malat, Haddon Heights, NJ, for plaintiffs.

Richard L. Goldstein, Marshall, Dennehey, Warner, Coleman & Goggin, P.C., Cherry Hill, NJ, Allen E. Richardson, Woodbury, NJ, for defendants.

## OPINION

SIMANDLE, District Judge.

When an attorney, in response to the Court's concern that his 34–page Complaint on behalf of multiple plaintiffs alleging various civil rights violations against various local police departments cannot be understood, responds nonetheless with a 160–page Amended Complaint compounding the difficulties and asserting claims that are legally and factually nonsensical, there will be consequences. This Opinion, issued following a hearing after due notice to plaintiffs' counsel, Samuel A. Malat, Esquire, upon the Court's own initiative under Rule 11(c)(1)(B), Fed.R.Civ.P., explains these consequences and imposes the appropriate sanctions against this attorney's conduct.

## I. INTRODUCTION AND PROCEDURAL HISTORY

On December 5, 2001, this Court filed an unpublished Opinion and Order, *Leuallen v. Paulsboro*, No. 99–4353, 2001 WL 1700432 (D.N.J. Dec. 5, 2001), deciding two summary judgment motions, which dismissed with prejudice all claims by all plaintiffs against the Borough of Paulsboro, the Paulsboro Police Department, and Police Chief Ridinger ("the Paulsboro Defendants"), all state law claims by all plaintiffs, all section 1983 constitutional violation claims by Timothy Leuallen, Sr. as Guardian Ad Litem for Rebecca Grove, Timothy Leuallen, Jr., and Harley Leuallen, all section 1983 constitutional violation claims by Rickey Ann Vaughn as Guardian Ad Litem for Patricia Reed and Curtis Reed, Jr., all section 1983 constitutional violation claims by Bernice Leuallen, Dolores Dalbow, Phillip Williamson, Michael Morgan, and Gary Tucker, Sr., all 1983 constitutional violation claims by Marge Holeman except her 4th Amendment search and seizure claim, and Tim Leuallen, Sr.'s section 1983 claims arising from alleged Fifth, Sixth, Thirteenth, and Fourth Amendment unlawful entry claims only. Suffice it to say it required the Court to write a 48–page opinion plus charts to map out and adjudicate these confusing and largely non-meritorious claims because they were so poorly pleaded and argued by plaintiff's counsel.

This Court also ordered on its own initiative, on December 5, 2001, pursuant to Rule 11(c)(1)(B), that plaintiffs' counsel, Samuel A. Malat, Esquire, appear and show cause why he should not be sanctioned for violating Rule 11, Fed.R.Civ.P., when he signed and asserted unsupported and untenable claims on behalf of his clients under 42 U.S.C. § 1981, the Thirteenth Amendment, and state common law, without regard to the injury threshold required by the New Jersey Tort Claims Act, 59:9–1, et seq. ("NJTCA").[1]

For the reasons set forth herein, this Court finds that Mr. Malat violated Rules 11(b)(2) & (3) by failing to make reasonable inquiry into the existing facts and law prior to filing the Complaint in this case in September, 1999, and the two subsequent Amended Complaints in October and December, respectively. The Court notes that the Honorable Stephen M. Orlofsky found that Mr. Malat violated Rule 11 just one month prior to the filing of the instant case. *See Carlino v. Gloucester City High Sch.*, 57 F.Supp.2d 1 (D.N.J.1999). On August 2, 1999, Judge Orlofsky ordered that Mr. Malat attend two continuing legal education courses within 18 months and also that he pay a fine of $500.00 to the Clerk of the Court within 30 days.[2]

Just over one month after Judge Orlofsky imposed these sanctions, Mr. Malat filed the Complaint in the instant action on behalf of eleven plaintiffs, but made factual allegations and legal claims on behalf of only one (Gary Tucker) and failed to make any allegations against a number of named defendants.[3] Rather than dismissing the claims of the other ten plaintiffs outright, this Court ordered Mr. Malat to file an amended complaint rectifying the obvious pleading deficiencies and reminding him that his submissions must comport with Rule 11, Fed.R.Civ.P. *See Leuallen v. Paulsboro*, No. 99–4353 (D.N.J. Sept. 21, 1999). Mr. Malat filed an Amended Complaint on October 1, 1999 that simply repeated the claims initially made only on behalf of plaintiff Gary Tucker for each of the named plaintiffs, thus increasing the length of the complaint from 34 to **160 pages**. Although minor changes in the named parties were made, it appeared that Mr. Malat did not conduct any further legal or factual research before filing the Amended Complaint. On December 3, 1999, Mr. Malat filed a Second Amended Complaint, again without conducting any

1. The Court initiated this Rule 11 inquiry only with respect to the most egregious pleading violations pertaining to the claims under 42 U.S.C. § 1981, the Thirteenth Amendment, and state common law as limited by the NJTCA. Many other claims have been dismissed and are *not* the subject of this Rule 11 inquiry, because the legal bases could have supported the claim if the favorable facts had existed, or because the violation was not so clear-cut at the time this inquiry was noticed.

2. Mr. Malat represented to this Court at the Rule 11 hearing on January 4, 2002 that he completed the courses and paid the fine ordered by Judge Orlofsky.

3. This is one example of the extreme carelessness repeatedly demonstrated by Mr. Malat in the filing of papers in this Court. Although this conduct was not directly noticed in this Court's December 5, 2001 Order to Show Cause, it is indicative of Mr. Malat's failure to research any law relating to the asserted claims and general failure to execute his duties as an officer of the court, all of which resulted in the unnecessary burdening of this court and the exhaustion of limited judicial time and resources. Indeed, there are additional claims that could have been cause for a Rule 11 violation, such as the claims pursuant to 42 U.S.C.1985(3) and 1986, but were not noticed because the Court gave Mr. Malat the benefit of doubt that he could have asserted such claims had any of his plaintiffs been a member of a racial minority or disadvantaged class. In fact, the pleadings do not assert that *any* plaintiff is a member of a racial minority, and only one plaintiff—Marge Holeman—was identified during discovery as African–American, while all the other plaintiffs are Caucasian. Had Mr. Malat read or thought about the initial Complaint at all before it was signed and filed in this Court, then this Court's September 21, 1999 letter and the Amended Complaint would have been unnecessary. Furthermore, had Mr. Malat conducted any legal research whatsoever prior to filing the Complaint, the Order to Show Cause and this sanctions opinion could also have been avoided.

obvious legal research or additional fact-finding.

## II. *RULE 11 SANCTIONS*

Rule 11, Fed.R.Civ.P.,[4] "imposes on counsel a duty to look before leaping and may be seen as a litigation version of the familiar railroad crossing admonition to 'stop, look, and listen.'" *Lieb v. Topstone Indus.*, 788 F.2d 151, 157 (3d Cir.1986); *Carlino*, 57 F.Supp.2d at 36–37. In other words, Rule 11 requires that an attorney who submits a complaint certify that it is not asserted for improper purposes, such as delay or harassment, and that there is a reasonable basis in fact and law for the claims made. *See Carlino*, 57 F.Supp.2d at 37 (citing *Napier v. Thirty or More Unidentified Federal Agents, etc.*, 855 F.2d 1080, 1090 (3d Cir.1988)). Rule 11 is intended to discourage the filing of frivolous, unsupported, or unreasonable claims. *See id.*

 The Third Circuit has written that "[t]he legal standard to be applied when evaluating conduct allegedly violative of Rule 11 is reasonableness under the circumstances." *Ford Motor Co. v. Summit Motor Products, Inc.*, 930 F.2d 277, 289 (3d Cir.) (citations omitted), *cert. denied*, 502 U.S. 939, 112 S.Ct. 373, 116 L.Ed.2d 324 (1991); *Carlino*, 57 F.Supp.2d

at 37. Reasonableness in the context of a Rule 11 inquiry has been defined as "an objective knowledge or belief at the time of the filing of a challenged paper that the claim was well grounded in law and fact." *Ford Motor Co.*, 930 F.2d at 289; *Clement v. Public Serv. Elec. & Gas Co.*, 198 F.R.D. 634, 637 (D.N.J.2001). Bad faith is not required for a Rule 11 violation, *see Clement*, 198 F.R.D. at 637 (citing *Martin v. Brown*, 63 F.3d 1252, 1264 (3d Cir.1995)), and thus there can be no "empty head, pure heart" justification for the filing of frivolous claims. *See Clement*, 198 F.R.D. at 637 (quoting Fed.R.Civ.P. 11, adv. cmte. notes (1993)).

## III. *ANALYSIS*

The Second Amended Complaint and its predecessors, signed by Samuel A. Malat, Esquire, contain several clearly frivolous claims which cannot arguably be supported by the law or facts of this case, namely, the 42 U.S.C. § 1981 claims, the Thirteenth Amendment claims, and all state tort law claims against public employees. As discussed below, this Court finds that Mr. Malat's submission of the Complaint, Amended Complaint, and Second Amended Complaint constituted a violation of Rule 11(b)(2) and 11(b)(3).[5]

---

**4.** Rule 11 provides, in relevant part:

 **(b) Representations to Court.** By presenting to the court (whether by signing, filing, submitting, or later advocating) a pleading, written motion, or other paper, an attorney or unrepresented party is certifying that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances ... [that]

 (2) the claims, defenses, and other legal contentions therein are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law;

 (3) the allegations and other factual contentions have evidentiary support or, if specifically so identified, are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery; ...

 **(c) Sanctions.** If, after notice and a reasonable opportunity to respond, the court determines that subdivision (b) has been violated, the court may, subject to the conditions stated below, impose an appropriate sanction upon the attorneys, law firms, or parties that have violated subdivision (b) or are responsible for their violation.

 (1) ...

 **(B) On Court's Initiative.** On its own initiative, the court may enter an order describing the specific conduct that appears to violate subdivision (b) and directing an attorney, law firm, or party to show cause why it has not violated subdivision (b) with respect thereto.

**5.** The Court notes that Mr. Malat's conduct might also be classified as a violation of Rule 11(b)(1), which requires that submissions not

A. *Rules 11(b)(2) & (3): Claims Not Warranted by Existing Law or Facts*

 All three of the types of claims identified in this Court's December 5, 2001 Order to Show Cause are frivolous, legally unreasonable, and without factual foundation. Nowhere in any of his pleadings or submissions does Mr. Malat offer any statutory, case law, or factual support for the 42 U.S.C. § 1981, Thirteenth Amendment, or state tort law claims against public employees on behalf of any plaintiff.

First, a section 1981 claim requires, at a minimum, a contract and the denial of a racial minority's right to make or enforce such contract. *See* 42 U.S.C. · § 1981; *Leuallen v. Paulsboro*, No. 99–4353, 2001 WL 1700432, at 12–13 (D.N.J.2001)(citing *Santiago v. City of Vineland*, 107 F.Supp.2d 512, 531, n. 7 (D.N.J.2000)(citing *Stringel v. The Methodist Hosp. of Indiana, Inc.*, 89 F.3d 415 (7th Cir.1996))); *Thomas v. Saint Luke's Health Sys., Inc.*, 869 F.Supp. 1413, 1432–33 (N.D.Iowa 1994)(citing multiple circuit cases establishing the three elements of a Section 1981 claim). Because there is no contract at issue in this case, there is no legal support for the 1981 claims asserted by Mr. Malat on behalf of his clients. Additionally, Mr. Malat conceded at his hearing that only one of the plaintiffs, Marge Holeman, is a member of a racial minority, which is also required for a Section 1981 violation. *See id.* Even the most cursory review of Section 1981 itself or a case involving that statute would have informed Mr. Malat of these requirements. There is no conceivable way that Mr. Malat had any rational basis to believe that he could assert a non-frivolous claim pursuant to 42 U.S.C. § 1981 on behalf of any of the named plaintiffs.[6] His proffered excuse, that the deficient Section 1981 claims slipped by him, is simply not good enough for this Court, particularly following Judge Orlofsky's then-recent sanctions against such carelessness. Further, if it "slipped by," it did so several dozen times as the same Section 1981 claim was asserted and reasserted in the Complaint and First and Second Amended Complaints on behalf of non-minority plaintiffs who had no contract with any of these defendants. This conduct constitutes a violation of Rule 11(b)(2).

Second, a Thirteenth Amendment violation arising under 42 U.S.C. § 1983 would

be presented for improper purposes such as harassment or delay. While it is unclear that the faulty Complaint, Amended Complaint, and Second Amended Complaint were presented expressly for these improper purposes forbidden by Rule 11(b)(1), the 160 pages of largely meritless allegations offended the concept that a complaint must be "a short, plain statement of the claim showing that the pleader is entitled to relief," Rule 8(a)(2), Fed. R.Civ.P., greatly multiplying the time and expense necessary to even understand plaintiffs' claims. That the Second Amended Complaint was filed soon after the Court had pointed out these deficiencies in its cautionary letter of September 21, 1999, *supra*, further compounds these defects. Again, Rule 11(b)(1) was not a noticed basis for the sanction imposed herein. A discussion of this conduct, however, is useful in further illustrating the judicial resources that are wasted interpreting and clarifying the submissions made by Mr. Malat.

**6.** The Court again notes that Mr. Malat similarly could not have reasonably believed that the 42 U.S.C. § 1985(3) or § 1986 claims, which involve a conspiracy against racial minorities or disadvantaged classes, were feasible. Had Mr. Malat conducted any legal research into those claims he would have realized that the claims he asserted had no basis in fact or law. The only reason that these claims were not also noticed in the Order to Show Cause is because this Court gave Mr. Malat the benefit of a doubt that such claims, while unlikely to succeed, were not frivolous. As revealed at oral argument by Mr. Malat himself, that courtesy should not have been extended.

require that some facts be plead indicating that plaintiffs were forced into slavery or involuntary servitude by defendants prior to being convicted for any crime. A claim that the Thirteenth Amendment has been violated requires allegations that plaintiff "was forced to work for the defendant by the use or threat of physical restraint or physical injury, or by the use or threat of coercion through law or the legal process. This definition encompasses those cases in which the defendant holds the victim in servitude by placing the victim in fear of such physical restraint or injury or legal coercion." *United States v. Kozminski,* 487 U.S. 931, 952, 108 S.Ct. 2751, 2765, 101 L.Ed.2d 788 (1988)(interpreting the term "involuntary servitude" as contained in 18 U.S.C. § 1584 and the Thirteenth Amendment); *see also Kaveney v. Miller,* 1993 WL 298718 at *2 (E.D.Pa. Jul.30, 1993). Although Mr. Malat correctly noted that the Thirteen Amendment does not limit its protection to racial minorities, he proffered no facts, even in response to the Court's repeated questions, that in any way indicated what basis may have existed for this claim on behalf of any of these plaintiffs. Instead, Mr. Malat stated that the information which initially led him to believe that each of the named plaintiffs had suffered such a constitutional violation was privileged and did not result in any admissible evidence, and therefore could not be used to oppose the motion for summary judgment on that ground. Mr. Malat further indicated that he would have voluntarily dismissed this claim if asked to do so by the defendants.

Whether he might have voluntarily withdrawn these baseless Thirteenth Amendment claims is not the point. The fact is that he did not do so and this Court had to adjudicate the defendants' summary judgment motions addressed to these claims. Because there is no evidence whatsoever of any factual support for a Thirteenth Amendment violation, the claim never should have remained in the Complaint, Amended Complaint, and Second Amended Complaint. Therefore, this conduct constitutes a violation of Rules 11(b)(2) and 11(b)(3).

Third and finally, the state tort claims alleged by Mr. Malat on behalf of each of his clients require compliance with the New Jersey Tort Claims Act, N.J.S.A. 59:9-1, *et seq.,* specifically that statute's requirement that the plaintiff has suffered a loss of a permanent bodily function. N.J.S.A. 59:9-2(d). Again, Mr. Malat seems unaware that there is a NJTCA governing claims against state or municipal employees or that there was any injury requirement for his asserted state law claims of assault and battery, false arrest/false imprisonment, malicious prosecution, intentional infliction of emotional distress, and negligent infliction of emotional distress against the individual officers in their official capacity. Mr. Malat attempted to explain this violation by claiming that he made no state tort claims on behalf of plaintiffs and therefore the NJTCA does not apply. The pleadings suggest otherwise. (*See* Second Am. Compl. at Counts IV–VIII, XII–XVI, XX–XXIV, XXVII–XXX, XXXIV–XXXV, XXXIX–XXXX, XLIV–XLVIII, LII–LVI).

In his opposition to the Order to Show Cause and again at his hearing, Mr. Malat argued that rather than asserting state tort claims, he was alleging that the officers acted individually and violated plaintiffs' constitutional rights under 1983. This confuses the law of Section 1983 with state tort law. Except for his assertion that plaintiff's Thirteenth Amendment rights were violated, thus invoking a remedy under Section 1983, Mr. Malat's Section 1983 claims were not deemed frivolous by this Court. In the 161 page Second Amended Complaint, Mr. Malat alleged

that the officers "acting within the course and scope of their authority, and under color of state law" committed assault and battery, false arrest and false imprisonment, malicious prosecution, IIED, and NIED. In order for these allegations to stand as separate claims as plead, these must be read as state tort claims against the officers, thus requiring compliance with the NJTCA. If Mr. Malat intended for these allegations to only be a part of the Section 1983 claims against the officers in their official and individual capacities, they should have been so plead. Mr. Malat would have discovered these deficiencies if he had conducted any legal research on this issue. Because there was no factual support for the state law tort claims, because none of these plaintiffs came forward with evidence of any cognizable bodily injury, this conduct represents a violation of Rule 11(b)(3).

### B. *Appropriate Sanctions*

■ Having found that Mr. Malat violated Rules 11(b)(2) & (3), this Court must now determine what sanctions are appropriate. Rule 11 provides, in relevant part, that "[a] sanction imposed for violation of this rule shall be limited to what is sufficient to deter repetition of such conduct or comparable conduct by others similarly situated" and "may consist of, or include, directives of a nonmonetary nature, an order to pay a penalty into court...." Fed.R.Civ.P. 11(c)(2). Thus, an "appropriate" sanction may be " 'a warm-friendly discussion on the record, a hard-nosed reprimand in open court, compulsory legal education, monetary sanctions, or other measures appropriate to circumstances.' " *Carlino*, 57 F.Supp.2d at 39 (quoting *Langer v. Monarch Life Ins. Co.*, 966 F.2d 786, 810 (3d Cir.1992)). The sanction must be the least severe sanction adequate to meet the purpose of the sanctions and must be tailored to the particular facts of each case. *See id.* (citations omitted).

■ The appropriate sanction in this case poses difficulties for the Court on a number of levels. *First*, Mr. Malat failed to improve his conduct after Judge Orlofsky sanctioned him for similar conduct in August, 1999. Neither the continuing legal education courses nor the $500.00 fine ordered by Judge Orlofsky deterred Mr. Malat from filing the offensive complaints in this case that give rise to the instant need for sanctions. *Second*, Mr. Malat is not an inexperienced attorney, and therefore his repeated violations cannot be attributed to lack of experience or knowledge of what is expected from attorneys who practice in this Court. Mr. Malat has been admitted to practice law in New Jersey since 1989, he has participated in continuing legal education classes, he has previously litigated cases in federal court, and, he has been recently sanctioned for similar conduct just one month prior to filing this complaint. Yet, it does not appear that Mr. Malat conducted any legal research prior to filing this complaint and he cites almost no case law in his submissions. Formulating a sanction that will prevent such behavior in the future has required that this Court expend more time and more effort to remedy the problems caused by Mr. Malat's carelessness or laziness. *Third*, Mr. Malat has represented that he would be unable to pay a monetary fine without terminating an employee or incurring another similar hardship. Thus the Court would have to limit the amount of monetary sanctions, if any, that are imposed in this case. Mr. Malat's Rule 11 violation recidivism and failure to respond to traditional sanctions require that this Court impose a more severe sanction, tailored to remedying his deficient performance, than ones previously imposed.

In light of these complicating factors, this Court will impose four sanctions on

Mr. Malat, three non-monetary and one monetary. *First,* by publication of this Opinion and for the reasons stated herein, the undersigned hereby admonishes Mr. Malat for his second recorded Rule 11 violation in this Court in less than three years. *Second,* in an attempt to protect the rights of his clients, this Court directs Mr. Malat to send a copy of this Opinion to each and every plaintiff ever named in this case.[7] This includes current plaintiffs, plaintiffs who were voluntarily dismissed, and plaintiffs whose claims were dismissed by this Court on summary judgment, and is intended to protect the rights of clients who are not familiar with the procedural and substantive requirements of their legal claims. Mr. Malat will certify his compliance with this sanction within twenty (20) days. *Third,* Mr. Malat shall submit to the undersigned, within thirty (30) days of the filing of this Opinion, a well organized and thorough summary of the requirements that Rule 11, Fed.R.Civ.P., places upon attorneys, specifically the requirements of Rule 11(b)(1)-(3), and also discussing how the courts, specifically the Third Circuit, have interpreted that rule. This summary shall be at least twenty (20) pages in length and may not paraphrase hornbook law and must be researched and written by Mr. Malat himself, not an associate or an assistant. Perhaps this sanction will enlighten Mr. Malat to the requirements placed upon him by Rule 11 and prevent future violations.

*Fourth,* Mr. Malat is ordered to pay $1,000.00 to the Clerk of this Court within one year of the filing of this Opinion. At his hearing, Mr. Malat represented that he would be unable to pay a monetary fine. However, it is the belief of this Court that Mr. Malat's repeated violations require some kind of payment to the Clerk of Court, in light of the exorbitant amount of time that has been wasted on his frivolous claims. It is further noted that his frivolous pleading practices cause undue harm to the public officials whom he has sued, since public money must be spent to defend the frivolous claims. Mr. Malat has a busy law practice and should be able to pay $1,000.00 to the Clerk of Court over the course of a year. His mode of practice in violation of Rule 11 carries economic consequences to his adverse parties and to the Court and must be met with an economically deterrent sanction. Although this Court will not award attorney's fees, which may only be granted sparingly and upon the motion of the opposing party, this small but hopefully meaningful monetary fine of $1,000.00 shall be remitted to the Clerk of Court within one year from the date of this Opinion. If necessary, Mr. Malat may make equal quarterly installment payments, beginning in ninety (90) days.

## IV. *CONCLUSION*

Based on the record before this Court, and for the reasons stated herein, this

---

**7.** Circulation of a sanctions opinion within a law firm, although an unusual and serious sanction, has been approved by the Third Circuit. In *Lieb,* the Third Circuit wrote that "the conduct of an experienced lawyer or of a lawyer who acted in bad faith is more apt to invite assessment of a substantial penalty than that of a less experienced or merely negligent one". 788 F.2d at 158 (citing *Huettig & Schromm, Inc. v. Landscape Contractors Council,* 582 F.Supp. 1519 (N.D.Cal.1984), aff'd, 790 F.2d 1421 (9th Cir.1986)). The Third Circuit noted that the court in *Huettig,* in addition to imposing monetary sanctions, directed that the opinion criticizing the lawyer's pleading be circulated throughout his firm. *Id.* Applying this sanction to Mr. Malat, who is a solo practitioner, and in light of the Court's concern that any civil rights claims of his clients be vigorously and properly litigated, the Court feels that it is appropriate to require circulation of this Opinion to all of the named plaintiffs in this case.

Court finds that Mr. Malat has violated Rules 11(b)(2) and 11(b)(3) and should be sanctioned to a combination of monetary and non-monetary sanctions, as detailed herein. The accompanying Order is entered.

### ORDER

This matter having come before the Court upon its own motion for sanctions pursuant to Fed.R.Civ.P. 11; and the Court having considered Mr. Malat's submission in opposition to sanctions, and his appearance before this Court at the January 4, 2002 show cause hearing; and for the reasons expressed in the Opinion of today's date;

IT IS this ⸺ day of January, 2002, hereby

**FOUND** that Mr. Malat has violated Rules 11(b)(2) and 11(b)(3), Fed.R.Civ.P., and further it is hereby

**ORDERED** that the following sanctions are appropriate and shall be imposed upon Mr. Malat as follows:

1. First, by publication of this Opinion and for the reasons stated herein, the undersigned hereby admonishes Mr. Malat for his second substantial Rule 11 violation in this Court in less than three years.

2. Second, in an attempt to protect the rights of his clients, Mr. Malat is hereby Ordered to send a copy of this Opinion and Order to each and every plaintiff ever named in this case within fourteen (14) days.

3. Third, Mr. Malat shall submit to the undersigned, within thirty (30) days of the filing of this order, a summary of the requirements that Rule 11, Fed.R.Civ.P., places upon attorneys, specifically the requirements of Rule 11(b)(1)(3), and also discusses how the courts, specifically the Third Circuit, have interpreted that rule.

This must be researched and written by Mr. Malat himself; and

4. Fourth, Mr. Malat shall pay a fine to the Clerk of Court in the amount of $1,000.00. Such fine is payable in full no later than one year from the date of this Order. Equal quarterly payments may be remitted beginning not later than ninety (90) days from today's date.