**Angel MENDEZ, Vito Mirabile, John Young, and Gustavo Nieves, Plaintiffs,**

v.

**Correctional Officer DRAHAM, et al., Defendants.**

Civil Action No. 00–5643.

United States District Court, D. New Jersey.

Jan. 31, 2002.

Samuel A. Malat, Law Offices of Samuel A. Malat, Haddon Heights, NJ, for Plaintiffs, Angel Mendez, Vito Mirabile, John Young, and Gustavo Nieves.

David Samson, Attorney General of New Jersey, David M. Ragonese, Deputy Attorney General, Trenton, NJ, for Defendants, New Jersey Department of Law and Public Safety; Stanley Nunn, Superintendent, Barney Dyrnes, Internal Affairs Director; Associate Administrator Valusek; Howard Beyer, Assistant Commisioner; Jack Terhune, Commisioner; Maggie Aguero, Of-

fice of the Ombudman; Margaret Lebak; Administrator McNamarra; South Woods State Prison; Peter Verniero; Jaynee La Vecchia; Christine Todd Whitman; Unnamed Internal Affairs Officers; Unnamed Employees of the New Jersey Department of Law and Public Safety; Unnamed Supervising Staff, South Woods State Prison; and Unnamed Assistant Ombudsmen.

## OPINION

ORLOFSKY, District Judge.

## I. INTRODUCTION

It is not often that one encounters a recidivist violator of Rule 11 of the Federal Rules of Civil Procedure. Samuel A. Malat, ("Malat") the attorney for the Plaintiffs in this case, however, appears to be that unique individual. As the present motions include an unopposed Motion for Rule 11 Sanctions against Malat, a review of his recent history is necessary.

This is not the first time Mr. Malat has been before me on a Rule 11 motion. In August of 1999, I sanctioned him for filing three claims that were "patently frivolous." *Carlino v. Gloucester City High School,* 57 F.Supp.2d 1, 36–39 (D.N.J.1999). I also concluded that Malat had "conducted absolutely no legal research whatsoever regarding these claims at any time before *or during* the pendency of [the *Carlino* ] litigation." I ordered Malat to take two continuing legal education classes, one in Attorney Professionalism and the Rules of Professional Conduct, the other in Federal Practice and Procedure. I also fined him $500.

Only last month, Malat was sanctioned by my colleague, Judge Simandle, for conduct very similar to that at issue in this case. *See Leuallen v. Borough of Paulsboro,* 180 F.Supp.2d 615 (D.N.J.2002). Malat apparently filed a highly redundant, 160–page Complaint, rife with "largely meritless allegations." *Id.* at 618 n. 5.

Judge Simandle concluded, after a hearing, that there was absolutely no justification for Malat's behavior. *Id.* at 616–21. Accordingly, he imposed a set of four sanctions against Malat, including a published admonishment and a $1,000.00 fine. *Id.* at 621. Malat was also required to circulate copies of Judge Simandle's opinion to all of the Plaintiffs in the *Leuallen* case, and to write a 20–page summary of the obligations that Rule 11 imposes upon attorneys. *Id.*

Attorneys may not, consistent with their professional obligations, substitute the "cut and paste" function of their word processor for the research, contemplation, and draftsmanship that are the necessary elements of responsible legal representation. While that much should be obvious to any member of the bar, it should be especially clear to Malat in view of the fact that Judge Simandle sanctioned him for the same unprofessional behavior he is guilty of in this case, that is, substituting "mouse clicks" for legal judgment. *See Leuallen,* 180 F.Supp.2d at 618.

Unfortunately, Mr. Malat appears to regard Rule 11 as inapplicable to him. In this case, he filed a 392–page, 1,000 + paragraph Complaint that is incomprehensible in its immensity. Worse, for all of its verbosity, many of the allegations of the Complaint are plainly frivolous. Despite Judge Simandle's Rule 11 sanction, a prior Rule 11 sanction by this Court, and a pending Rule 11 motion in this case, Malat has done nothing to remedy these clear violations of his Rule 11 obligations.

Therefore, for the reasons set forth more fully below, I will, by publication of this Opinion, admonish Malat once again for his repeated violations of Rule 11. I also warn him that, if his inappropriate

and unprofessional conduct continues in this case, I will report his behavior to the Chief Judge of this Court for appropriate disciplinary action, including suspension or disbarment, as the Chief Judge deems appropriate.[1] Additionally, I will grant the State Defendants' Motion to Strike the Complaint. The Plaintiffs may move to file an Amended Complaint within 30 days of this Opinion and Order.

## II. FACTS AND PROCEDURAL HISTORY

On November 17, 2000, the Plaintiffs filed a Complaint in this Court seeking damages, under 42 U.S.C. §§ 1983, 1985, 1986, and 1988[sic], for violations of their First, Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendment rights, as well as under other state and common law theories. For reasons that will shortly become clear, the exact compass of the Complaint is difficult to discern. The Complaint, signed by Samuel A. Malat, Esq., ("Malat") named twenty-nine different state and federal official Defendants, each sued in both their individual and official capacities, see Compl. ¶ 71, as well as a variety of institutional Defendants, ranging from the South Woods State Prison to the Federal Bureau of Investigation. The allegations of the Complaint spanned 1,020 numbered paragraphs and covered 392 pages. The Complaint was not tabbed, nor did it contain an index or table of contents.

On March 9, 2001, Ronald L. Bollheimer, Esq., Deputy Attorney General for the State of New Jersey, ("Bollheimer") wrote to Malat on behalf of the State Defendants. Ragonese Cert. Exh. A. Invoking the "safe harbor" provisions of Fed. R.Civ.P. 11(c), Bollheimer warned Malat that he intended to move for sanctions under Rule 11 in the event Malat failed to correct what were, in Bollheimer's view, numerous flagrant violations of the Rule. *Id.* at 1. Most prominently, Bollheimer noted that the voluminous, largely duplicative Complaint appeared to be inconsistent with the requirement that a complaint contain "a short and plain statement of the claim showing that the pleader is entitle to relief." Fed.R.Civ.P. 8(a)(2). *Id.* Bollheimer also observed that many of the claims alleged in the Complaint appeared to be frivolous, especially the claims under § 1983 against state entities, state officers acting in their official capacities, and federal officers and entities. *Id.* at 2–3.

David Ragonese, Esq., another Deputy Attorney General, subsequently wrote again to Malat on March 22, 2001, warning Malat that he intended to file a motion for sanctions on March 30. Ragonese Cert. Exh. B. It appears that Malat responded, on March 30, 2001, with a request for an extension of time in which to bring the Complaint into compliance. Ragonese Cert. Exh. C. Ragonese agreed, indicating that he would wait until April 23, 2001, before proceeding.

The State Defendants filed this Motion to Strike and for Rule 11 Sanctions on April 24, 2001. Malat has made no response to the Motion in the eight months

---

1. Local Civil Rule 104.1 provides:
   When misconduct or allegations of misconduct which, if substantiated, would warrant discipline of an attorney, shall come to the attention of a Judge of this Court, and the applicable procedure is not otherwise mandated by these Rules, that Judge shall refer the matter in writing to the Chief Judge. The Chief Judge may refer the matter to the appropriate State disciplinary body, or, if

the Chief Judge concludes that further investigation is warranted, he or she shall direct the Clerk to refer the matter to an attorney ("investigating counsel") who is admitted to practice before this Court to conduct such an investigation in order to determine whether a formal order to show cause should issue.
   L. Civ. R. 104.1(e)(2).

since it was filed, and has never amended the Complaint.

## III. DISCUSSION

### A. Rule 8

█ Rule 8 requires that plaintiffs provide a "short, plain statement" of their claims. As the word "Rule" implies, Rule 8 is not merely aspirational; if a complaint does not comply with the Rule, it may be stricken. *See Nagel v. Pocono Med. Ctr.*, 168 F.R.D. 22, 23 (M.D.Pa.1996) (citing *Simmons v. Abruzzo*, 49 F.3d 83, 86 (2d Cir.1995)); *Burks v. City of Philadelphia*, 904 F.Supp. 421, 424 (E.D.Pa.1995).

The Plaintiffs' Complaint is neither short nor plain. In fact, it is the longest, most needlessly repetitive pleading I have ever seen. Much of the pointless redundancy arises from Malat's apparent insistence upon repeating the same allegations over and over again for each plaintiff, each claim, and each set of defendants. For example, in the allegations of Vito Mirabile alone, Counts XVIII–XXI, spanning pages 154–97 and ¶¶ 529–600, are all substantially identical, as are Counts XXIV–XXVII, pp. 201–11, ¶¶ 614–37; Counts XXX–XXXIII, pp. 214–23, ¶¶ 648–71, and Counts XXXIV–XXXVII, pp. 224–33, ¶¶ 672–95. In my by no means exhaustive survey, I found about 360 paragraphs that, based upon a casual inspection, were verbatim repetitions of other paragraphs.

█ It is this very prolixity that makes the Complaint unclear and incomprehensible. Only through superhuman patience, effort, and insight, could any attorney review the allegations of the Complaint and make paragraph-by-paragraph responses. Unlike Malat, the Defendants' attorneys do not have the luxury of clicking the "paste" button on their computer; if they fail to notice that one or two words have been varied, with meaningful import, in one of the Complaint's thousand-odd paragraphs, and inadvertently admit that alle-

gation, they face the risk of malpractice. The language of each individual allegation, while not a model of efficient prose, is at least comprehensible. When considered on the whole, however, the Complaint is utterly unclear. In no way does the Complaint conform to the concept of "notice pleading" embodied in Rule 8.

Accordingly, I will grant the Defendants' Motion to Strike the Complaint. The Plaintiffs may seek leave to refile an Amended Complaint within 30 days of the date of this Opinion and Order. If Mr. Malat fails to move to amend the Complaint within 30 days, or fails to support the motion to amend with an Amended Complaint that complies with the requirements of Rule 8, the Complaint will be dismissed with prejudice. I also note that, in amending the Complaint, Mr. Malat would be wise to take seriously his obligations under Rule 11, as I discuss below.

### B. Rule 11

█ Rule 11 requires attorneys to make an "objectively reasonable" inquiry into the facts and law supporting their pleadings. *In re Prudential Ins. Co. Am. Sales Practice Litig. Agent Actions*, 278 F.3d 175, 188 n. 7 (3d Cir.2002); *Schering Corp. v. Vitarine Pharm., Inc.*, 889 F.2d 490, 496 (3d Cir.1989). Sanctions are warranted only when that reasonable inquiry would have disclosed that a claim or motion is "patently unmeritorious or frivolous." *Doering v. Union County Bd. of Chosen Freeholders*, 857 F.2d 191, 194 (3d Cir.1988). Before a court can impose sanctions, the attorney must have received "particularized" notice of the possible sanction, sufficient to inform him or her of "the 'particularized factors that he [or she] must address if he [or she] is to avoid sanctions.'" *Anjelino v. N.Y. Times Co.*, 200 F.3d 73, 100 (3d Cir.1999) (quoting

*Jones v. Pittsburgh Nat'l Corp.,* 899 F.2d 1350, 1357 (3d Cir.1990)).

▮ Counsel for the State Defendants warned Malat that, in their opinion, his § 1983 claims against certain state entities and officers acting in their official capacities, as well as his § 1983 claims against all of the federal Defendants, were frivolous. Ragonese Cert. Exh. A at 2–3. Malat made no response at all. Because I agree with the State Defendants, Rule 11 sanctions are warranted in this case.

As an experiment, I directed one of my legal interns, a third-year law student, to conduct appropriate legal research in order to determine whether or not the challenged § 1983 claims are valid. He needed only seventeen minutes to confirm what every responsible practioner in this field already knows: they are not. *See* 42 U.S.C. § 1983 ("Every person who, under color of any statute ... *of any State or Territory or the District of Columbia,* subjects ... any citizen ... or other person ... to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured ....") (emphasis added); *Will v. Michigan Dept. of State Police,* 491 U.S. 58, 64, 71, 109 S.Ct. 2304, 105 L.Ed.2d 45 (1989) (holding that state, and its officers sued in their official capacity for damages, are not "persons" suable under § 1983); *id.* at 70, 109 S.Ct. 2304 (holding that state immunity from suit extends to "governmental entities that are considered arms of the State"); *cf. Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics,* 403 U.S. 388, 398 n. 1, 91 S.Ct. 1999, 29 L.Ed.2d 619 (Harlan, J., concurring) (observing that plaintiffs had no federal jurisdiction under § 1983 for their suit against federal agents).

I am moved, however, out of respect for Judge Simandle's recent Order imposing sanctions upon Malat, to limit the sanctions I will impose at this time. It is clear that Judge Simandle chose his sanctions wisely and judiciously to ensure the education of Mr. Malat, a project about which I have serious reservations. Therefore I deem it best, at this time, only to admonish Malat.

The burden is now on Malat, however, to demonstrate that he is educable. This is the third published opinion admonishing him under Rule 11 in eighteen months. If Malat fails to bring this Complaint into compliance with Rule 8 and Rule 11 within thirty days, I shall be bound by my obligation under Local Civil Rule 104.1 to report to Chief Judge Bissell the possibility that Malat has violated the Rules of Professional Conduct.[2] In particular, I will report that it appears that he may have "exhibit[ed] a pattern of negligence or neglect in the ... handling of legal matters generally." N.J. RPC 1.1(b); *see also Clement v. Pub. Serv. Elec. & Gas Co.,* 198 F.R.D. 634, 637 (D.N.J.2001) (recommending to the New Jersey Supreme Court's Office of Attorney Ethics "that a further investigation be conducted by the appropriate disciplinary authorities to determine whether [attorney] is competent to practice law at all"). The Rules of Professional Conduct have been adopted to protect the public. If Mr. Malat wishes to continue to enjoy the privilege of practicing in this Court, he is on notice that the irresponsible and unprofessional conduct in which he has engaged will not be tolerated in the future.

## IV. CONCLUSION

For the reasons set forth above, I shall grant the State Defendants' Motion to

---

2. The New Jersey Rules of Professional Conduct "shall govern the conduct of the members of the bar admitted to practice in this Court." L. Civ. R.103.1(a).

Strike the Plaintiffs' Complaint in its entirety. Plaintiffs shall have 30 days in which to move for leave to file an Amended Complaint that complies with Rule 8. I also hereby admonish Mr. Malat for flagrant and repeated violations of his obligations under Rule 11. He is further put on notice that any subsequent breaches of Rules 11, in this case or any other, may be grounds for an investigation by this Court into his competence to practice law. The Court will enter an appropriate form of Order.

## ORDER

This matter having come before the Court on Defendants' Motion to Strike, pursuant to Fed.R.Civ.P. 8, and on Defendants' Motion for Sanctions, pursuant to Fed.R.Civ.P. 11, David Samson, Esq., Attorney General of New Jersey, David M. Ragonese, Esq., Deputy Attorney General, appearing on behalf of Defendants, New Jersey Department of Law and Public Safety; Stanley Nunn, Superintendent, Barney Dyrnes, Internal Affairs Director; Associate Administrator Valusek; Howard Beyer, Assistant Commisioner; Jack Terhune, Commisioner; Maggie Aguero, Office of the Ombudman; Margaret Lebak; Administrator McNamarra; South Woods State Prison; Peter Verniero; Jaynee La Vecchia; Christine Todd Whitman; Unnamed Internal Affairs Officers; Unnamed Employees of the New Jersey Department of Law and Public Safety; Unnamed Supervising Staff, South Woods State Prison; and Unnamed Assistant Ombudsmen, and Samuel A. Malat, Esq., appearing on behalf of Plaintiffs, Angel Mendez, Vito Mirabile, John Young, and Gustavo Nieves; and,

The Court having considered the papers submitted by counsel for Defendants in support of the motion and the papers submitted by counsel for Plaintiffs in opposition;

For the reasons set forth in the Opinion issued herewith, IT IS, on this 31st day of January, 2002, hereby ORDERED that:

1. the Defendants' Motion to Strike the Complaint is GRANTED; and,

2. the Defendants' Motion for Sanctions, pursuant to Fed.R.Civ.P. 11, is GRANTED; and,

3. the Complaint is DISMISSED WITHOUT PREJUDICE; and,

4. Plaintiffs may move to file an Amended Complaint within 30 days of this Order; and,

5. if Plaintiffs shall fail to move to amend the Complaint within 30 days of this Order, the Complaint shall be dismissed with prejudice; and,

6. the Court, by publication of the foregoing Opinion and Order, hereby admonishes the attorney for Plaintiffs, Samuel A. Malat, Esq., for his repeated and flagrant violations of Fed.R.Civ.P. 11.