Valorie BURKS, et al.,

v.

The CITY OF PHILADELPHIA
and Richard Scott.

Civ. A. No. 95–1636.

United States District Court,
E.D. Pennsylvania.

Sept. 26, 1995.

---

Clifford A. Boardman, Clifford Boardman, Attorney-at-Law, Philadelphia, PA, for plaintiffs.

E. Jane Hix, Asst. City Solicitor, Philadelphia, PA, for defendants.

## MEMORANDUM AND ORDER

BECHTLE, District Judge:

Presently before the court is City of Philadelphia ("City") and Richard Scott's ("Scott") (collectively, "Defendants") Motion for Judgment on the Pleadings for Portions of the Plaintiffs' Complaint pursuant to Fed. R.Civ.P. 12(c). For the reasons set forth below, Defendants' motion will be *denied.*

## I. BACKGROUND

The parties generally agree on the following facts. The AIDS Activity Coordinating Office ("AACO"), part of the City's Department of Health, receives federal funds to coordinate AIDS prevention activities in Philadelphia. AACO distributes the money to community groups and individuals who work to prevent the spread of AIDS in the city.

Plaintiffs are eight African–Americans who presently work, formerly worked, or applied for work at AACO during 1993 and 1994. The Plaintiffs who are AACO employees are Valorie Burks, a Health Program Analyst; Marcella B. Mills, a Health Services Social Worker; and David Valentine, an AIDS Educator in AACO's Prison AIDS Project. The Plaintiffs who are former employees are Linda Robb, the former Director of the AIDS Agency Services Unit; James Roberts, a former Education Unit manager; and Terence Young, who worked as a Health Program Analyst. Plaintiffs Veronica Hodges and Noelle E. Sewell work for the City in health-related jobs and unsuccessfully applied for jobs at AACO.[1]

Defendant Scott is a white man who became AACO's AIDS Program Director sometime in 1993.[2] In a nutshell, Plaintiffs' complaint alleges that Scott intentionally and maliciously discriminated against them because they are African–American.[3]

Plaintiffs filed a complaint March 21, 1995, asserting claims under 42 U.S.C. §§ 1981 and 1983, and under Title VI of the Civil Rights Act of 1964, 42 U.S.C. § 2000d *et seq.* They request a declaratory judgment, compensatory and punitive damages, and an injunction mandating the reinstatement of the jobs Plaintiffs held or would have held and the restoration of full income and benefits they would have received. Defendants filed an answer to Plaintiff's complaint on April 24, 1995 and, a week later, a motion for judgment on the pleadings to dismiss the Title VI claim. Defendants argue that Plaintiffs (1) are precluded from recovery under Title VI because a primary object of the federal financial assistance is to provide employment; and (2) lack standing to bring a Title VI claim because they are not the intended beneficiaries of the federal funds.

## II. STANDARD FOR SETTING FORTH A CLAIM FOR RELIEF

A complaint setting forth a claim for relief must contain, *inter alia,* "a short and plain statement of the claim showing that the pleader is entitled to relief," *Fed.R.Civ.P.* 8(a)(2), and need not set out in detail the facts upon which the plaintiff bases its claim. The requirement of a "short and plain statement" is designed to

> give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests. The illustrative forms

---

1. Hodges' salary is paid by AACO through a federal grant. (Answer ¶ 10).

2. Scott now is Acting Chief of Staff under Department of Health Commissioner Estelle Richman. (Answer ¶ 17).

3. More specifically, Plaintiffs allege that Scott accomplished this by
   stripping African–American senior managers of authority and subordinates, transferring their authority and responsibility to less qualified white senior managers, suppressing the opportunity of African–American employees to apply for or be selected for new senior level positions, [and] making efforts to transfer out and refusing to transfer into AACO African–Americans capable and deserving of promotion to senior level positions ...
   (Compl.¶ 19).

amended to the Rules plainly demonstrate this. Such simplified "notice pleading" is made possible by the liberal opportunity for discovery and the other pretrial procedures established by the Rules to disclose more precisely the basis of both claim and defense and to define more narrowly the disputed facts and issues.

*Conley v. Gibson,* 355 U.S. 41, 47–48, 78 S.Ct. 99, 103, 2 L.Ed.2d 80 (1957); *(quoted in Rannels v. S.E. Nichols, Inc.,* 591 F.2d 242, 245 (3d Cir.1979)) (footnote omitted).

Plaintiffs' complaint is a fact-laden, 36–page, 128–paragraph narrative that describes in unnecessary, burdensome, and often improper argumentative detail, every instance of alleged racial discrimination perpetrated by Defendants over the period of 1993 and 1994. Rather than presenting a "short and plain statement" that summarizes the general nature of the claim in obedience to the rules' goal of notice pleading, the complaint reads more like a novel than the legal pleading it purports to be. For example, the complaint improperly and amateurishly repeats, more than a dozen times, the bald allegation that Scott harbored racial bias toward Plaintiffs.

A "short and plain statement" of Plaintiffs' claims is all that is both expected and required as the case moves into the discovery stage because the rules allow the parties, through the discovery process, to obtain the necessary details to support their claim or defense, whether that is in the form of oral depositions under Rules 30 and 31, written discovery under Rules 33 and 36, or document discovery under Rule 34. The limits of these rights are governed by Rule 26. To shift the factual emphasis from this discovery stage back to the pleading stage distorts both the purpose and the function of the Federal Rules of Civil Procedure and the administration of this civil case. *See Fed. R.Civ.P.* 1 ("[These rules] shall be construed and administered to secure the just, speedy

and inexpensive determination of every action.").

Because this pleading represents a gross departure from both the letter and the spirit of Rule 8(a)(2) by failing to contain a "short and plain statement of the claim showing that the pleader is entitled to relief," this court will strike the complaint in its entirety, and, if Plaintiffs desire the action to proceed, they shall file an amended complaint within twenty (20) days of the date of the accompanying order.

Despite Plaintiffs' inadequate pleading, the court has labored its way through the quagmire of distracting detail and redundant rhetoric in an attempt to cull the gravamen of Plaintiffs' claims. The court, by this exercise, believes it can rule on certain features of Defendants' motion because these issues are likely to reappear in a later phase of this litigation.

### III. *STANDARD FOR MOTION FOR JUDGMENT ON THE PLEADINGS*

Quoting Federal Rule of Civil Procedure 12(c),[4] Defendants contend that the court should grant their motion if they "clearly establish[ ] that no material issue of fact remains to be resolved and that he is entitled to judgment as a matter of law." (Defs.' Mem.Supp.J. on Pldgs. at 4) (citing *Kruzits v. Okuma Machine Tool, Inc.,* 40 F.3d 52, 54 (3d Cir.1994)). Thus, Defendants ask that the court rule on this motion as if it were a motion for summary judgment. *See Fed. R.Civ.P.* 56.

■ The court must not apply the summary judgment standard in deciding this motion because the court is not relying on matters outside the pleadings. *See Fed.R.Civ.P.* 12(c). The parties have provided the court with only the complaint, answer, and memoranda of law in support and in opposition to this motion.

---

**4.** Rule 12(c) states:

After the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings. If, on a motion for judgment on the pleadings, matters outside the pleadings are presented to

and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56.

A defendant has two ways to defend a claim by alleging a failure to state a claim upon which relief can be granted. If the defense is asserted before the answer is filed, the defendant must file a motion to dismiss under Rule 12(b)(6). If it is asserted after the answer is filed, the defendant must file a motion for judgment on the pleadings under Rule 12(c). In this case, Defendants' Motion for Judgment on the Pleadings for Portions of Plaintiffs' Complaint was filed after the answer and is based exclusively on the argument that Plaintiffs failed to state a cause of action in their complaint under Title VI. (Defs.' Mem.Supp.J. on the Pldgs. at 4, 11); *see Fed.R.Civ.P.* 12(h)(2) (stating that the defense of failure to state a claim upon which relief can be granted can be made in a motion for judgment on the pleadings). Therefore, this court will apply the standards of Rule 12(b) and treat this motion as if it were a motion to dismiss under Rule 12(b)(6). *See Turbe v. Government of the Virgin Islands,* 938 F.2d 427, 428 (3d Cir.1991); *Britamco Underwriters, Inc. v. C.J.H., Inc.,* 845 F.Supp. 1090, 1092 (E.D.Pa.), *aff'd,* 37 F.3d 1485 (3d Cir.1994) (table).

■■■ In deciding Defendants' motion for judgment on the pleadings, the court must accept as true all well-pleaded allegations of fact in the complaint, construe the complaint in a light most favorable to Plaintiffs, and determine whether "under any reasonable reading of the pleadings, the plaintiff[s] may be entitled to relief." *Colburn v. Upper Darby Township,* 838 F.2d 663, 665–66 (3d Cir. 1988), *cert. denied,* 489 U.S. 1065, 109 S.Ct. 1338, 103 L.Ed.2d 808 (1989) (citations omitted). The court, however, need not accept as true legal conclusions or unwarranted factual inferences. *Conley,* 355 U.S. at 45–46, 78 S.Ct. at 101–02. If "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him

to relief," the complaint will be dismissed. *Id.* at 45, 78 S.Ct. at 101–02.[5]

## IV. *DISCUSSION*

Defendants' motion is based on two arguments. First, they contend that argue that Plaintiffs may not recover on their Title VI claim because a primary object of the federal financial assistance is to provide employment. Second, Defendants argue that Plaintiffs lack standing to bring a Title VI claim because they are not the intended beneficiaries of the federal funds.

### A. *Title VI of the Civil Rights Act of 1964*

■■■ Section 601 of Title VI of the Civil Rights Act of 1964 states: "No person in the United States shall, on the ground of race, color, or national origin, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance." 42 U.S.C. § 2000d. Recovery, however, is limited in the employment context. Section 604 of Title VI states: "Nothing contained in this subchapter shall be construed to authorize action under this subchapter by any department or agency with respect to any employment practice of any employer, employment agency, or labor organization except where a primary objective of the Federal financial assistance is to provide employment." 42 U.S.C. § 2000d–3.

Thus, Plaintiffs have stated a claim upon which relief can be granted if a reasonable inference from their complaint suggests that (1) Defendant discriminated against Plaintiffs on the basis of race under a program or activity receiving federal assistance and (2) a primary objective of the federal funding is to provide employment.

Plaintiffs' complaint alleges that

> the Plaintiffs' 128 allegations of fact. Based on Defendants' memorandum of law in support of its motion, this court believes that Defendants' misread Rule 12(c) and thought that this motion was similar to a motion for summary judgment. Should Plaintiffs amend their complaint to conform to the rules, Defendants likely will have a chance to reassert their legal arguments at a later stage in this litigation.

**5.** This court notes that Defendants' motion for judgment on the pleadings was poorly timed. A Rule 12(c) motion serves its purpose only "when all the material allegations of fact are admitted in the pleadings and only questions of law remain." *Institute for Scientific Info. v. Gordon & Breach, Science Publishers,* 931 F.2d 1002, 1005 (3d Cir.), *cert. denied,* 502 U.S. 909, 112 S.Ct. 302, 116 L.Ed.2d 245 (1991) (quotation omitted). Defendants' answer denied, at least in part, 120 of

**426**

Defendants received federal funds provided for the purpose of employment and then made decisions on that employment on the basis of race. Specifically, Defendants treated Plaintiffs, recipients of federal funds or seeking positions funded by federal funds, differently in terms and conditions of employment, opportunity for advancement, promotion, and hiring on account of their race.

(Compl.¶ 127). Accepting as true the allegations of fact pleaded in that paragraph, and construing the complaint in a light most favorable to Plaintiffs, a reasonable reading of the pleading shows that Plaintiffs have stated a claim upon which relief can be granted under 42 U.S.C. § 2000d. In the above excerpt, they pleaded that (1) Defendants discriminated against Plaintiffs on the basis of race under a program or activity receiving federal assistance and that (2) a primary objective of the federal funding is to provide employment. Therefore, Plaintiffs' Title VI claim will not be dismissed on this ground.

### B. Plaintiffs' Standing to Sue

Plaintiffs' complaint must establish three elements to successfully plead standing. First, Plaintiffs must have suffered an injury in fact that is concrete and particularized, and actual or imminent. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560, 112 S.Ct. 2130, 2136, 119 L.Ed.2d 351 (1992). Second, Plaintiffs must show that the injury is fairly traceable to the defendants' conduct and not the result of the independent action of a nonparty. *Id.* Third, the complaint must show that the injury is likely to be redressed by a favorable decision. *Id.* at 561, 112 S.Ct. at 2136; *Carlough v. Amchem Prods., Inc.*, 834 F.Supp. 1437, 1446 (E.D.Pa.1993) (summarizing the three elements of standing).

In a complaint, "general factual allegations of injury resulting from the defendant's conduct may suffice, for on a motion to dismiss 'we presum[e] that general allegations embrace those specific facts that are necessary to support the claim.'" *Defenders of Wildlife*, 504 U.S. at 561, 112 S.Ct. at 2136 (quoting *Lujan v. National Wildlife Federation*, 497 U.S. 871, 879, 110 S.Ct. 3177,

3183–84, 111 L.Ed.2d 695 (1990)). In addition, when a plaintiff challenges the legality of government action or inaction, and the plaintiff is an object of the action or inaction, "there is ordinarily little question" that he will have satisfied the elements of standing. *Id.*

Plaintiffs have successfully pleaded that they have standing in this case. The complaint alleges that Plaintiffs have suffered an "injury in fact," namely that they were treated "differently in terms and conditions of employment, opportunity for advancement, promotion, and hiring on account of their race." (Compl.¶ 127). The traceability element is clearly satisfied because Plaintiffs allege that the City and Scott were directly responsible for the discriminatory treatment. *See id.* Finally, Plaintiffs' request for compensatory and punitive damages, as well as reinstatement and lost income and benefits, (Compl. at 36), if ultimately granted by the court, is likely to redress their alleged injuries. Therefore, because Plaintiffs have successfully pleaded standing in their complaint, Plaintiffs' Title VI claim will not be dismissed on this ground, at this time.

## V. CONCLUSION

For the reasons set forth above, Defendants' motion for judgment on the pleadings pursuant to Fed.R.Civ.P. 12(c) will be *denied.*

An appropriate Order will be entered.

### ORDER

AND NOW, TO WIT, this 26th day of September, 1995, upon consideration of Defendants' Motion for Judgment on the Pleadings for Portions of the Plaintiffs' Complaint, pursuant to Fed.R.Civ.P. 12(c), and Plaintiffs' response thereto, IT IS ORDERED that:

1) Defendants' motion is DENIED; and

2) Plaintiffs complaint is stricken, and they shall file a complaint that conforms to the Federal Rules of Civil Procedure within twenty (20) days of the date of this Order, and upon failure to so plead, the complaint will be dismissed.