James George DOURIS
and Helene Douris

v.

John DOUGHERTY, Joseph Kissel, William Doucette, Doylestown Borough, James C. Donnelly, Ruth Ann Eynon, and Bertha Skerle.

No. Civ.A. 01–CV–5757.

United States District Court,
E.D. Pennsylvania.

March 15, 2002.

Law Offices of Brian Puricelli, Newtown, PA, for Brian M. Puricelli, plaintiffs.

Begley, Carlin & Mandio, Langhorne, PA, for James A. Downey, III, defendant John F. Dougherty.

Marshall, Dennehey, Warner, Coleman & Goggin, Norristown, PA, for Joseph J. Santarone, Jr., defendants Joseph Kissel, et al.

## MEMORANDUM AND ORDER

JOYNER, District Judge.

This civil rights matter is now before the Court on motion of Defendants Kissel,

Doucette, Donnelly, Skerle and the Borough of Doylestown to dismiss the plaintiff's complaint. For the reasons set forth below, the motion shall be granted in part and denied in part.

### Factual Background

According to the complaint, on November 18, 1999, Plaintiff James Douris was inside the building located at 50 Main Street in Doylestown Borough, which apparently houses the Bucks County Department of Weights and Measures and the Federal E.M.A. ("FEMA"), to obtain various public records which he intended to use in defending a summary parking meter violation action. (Complaint, ¶ s12–15). Plaintiffs aver that on that date, Mr. Douris asked John Dougherty, the Director of Emergency Services for Bucks County, how Bucks County used its FEMA money. (Complaint, ¶ 16). Mr. Dougherty then purportedly informed Defendants Joseph Kissel and William Doucette of the Doylestown Borough Police Department that Plaintiff was trespassing by being in a restricted area of the building. Plaintiffs' complaint goes on to allege that Officers Kissel and Doucette then "physically seized, arrested, handcuffed, searched and violently dragged Plaintiff out of the public building, for trespassing, and in doing so injured him." (Complaint, ¶ s17–19). Given that this arrest was allegedly without "a reasonable basis, warrant, consent or authority," Plaintiffs aver in Count I of their complaint that it was in violation of Mr. Douris' "federally secured rights, immunities and privileges to liberty, free speech, unreasonable search and seizure, equal protection, procedural due process and substantive due process as secured by the United States Constitution under the First, Fourth, Ninth and Fourteenth Amendments" and is thus actionable under 42 U.S.C. § 1983.

In addition, Plaintiffs contend that Defendants Eynon and Skerle, who are parking enforcement officers for the Borough of Doylestown, prosecuted them for parking at expired meters despite purportedly "knowing the parking enforcement policy and practice was contrary to clearly established state law," and that Defendants Donnelly and Doylestown Borough should be held liable for their alleged failure to properly train and/or supervise its police and parking enforcement officers. (Complaint, ¶ s30–47).

### Standards Applicable to Rule 12(b)(6) Motions

In resolving a Rule 12(b)(6) motion to dismiss for failure to state a claim upon which relief may be granted, the court primarily considers the allegations in the complaint, although matters of public record, orders, items appearing in the record of the case and exhibits attached to the complaint may also be taken into account. *Chester County Intermediate Unit v. Pennsylvania Blue Shield*, 896 F.2d 808, 812 (3rd Cir.1990). In so doing, the court must accept as true the facts alleged in the complaint, together with all reasonable inferences that can be drawn therefrom and construe them in the light most favorable to the plaintiff. *Markowitz v. Northeast Land Co.*, 906 F.2d 100, 103 (3rd Cir.1990); *Hough/Loew Associates, Inc. v. CLX Realty Co.*, 760 F.Supp. 1141 (E.D.Pa.1991). The court's inquiry is directed to whether the allegations constitute a statement of a claim under Rule 8(a) and whether the plaintiff has a right to any relief based upon the facts pled. Dismissal under Rule 12(b)(6) for failure to state a claim is therefore limited to those instances where it is certain that no relief could be granted under any set of facts that could be proved. *Ransom v. Marrazzo*, 848 F.2d 398, 401 (3rd Cir.1988); *Angelastro v. Prudential–Bache Securities, Inc.*, 764 F.2d

939, 944 (3rd Cir.1985), *cert. denied,* 474 U.S. 935, 106 S.Ct. 267, 88 L.Ed.2d 274 (1985).

### Discussion

As noted above, Plaintiffs seek to hold Defendants liable under 42 U.S.C. § 1983, which provides in pertinent part:

Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress. . . .

■■ The purpose of Section 1983 is to provide a civil cause of action to protect persons against the misuse of power possessed by virtue of state law and made possible because the defendant was cloaked with the authority of the state. *Del Signore v. McKeesport,* 680 F.Supp. 200, 203 (W.D.Pa.1988). Section 1983 does not create a cause of action in and of itself; rather it provides redress for certain violations of rights arising under the federal constitution or laws of the United States which are caused by persons acting under color of state law. *Lee v. Gateway Institute & Clinic, Inc.,* 732 F.Supp. 572, 575 (W.D.Pa.1989), citing *Baker v. McCollan,* 443 U.S. 137, 140, 99 S.Ct. 2689, 2692, 61 L.Ed.2d 433 (1979).

■ To make out a claim under Section 1983, a plaintiff must demonstrate that the conduct of which he is complaining has been committed under color of state or territorial law and that it operated to deny him a right or rights secured by the Constitution and laws of the United States. *Gomez v. Toledo,* 446 U.S. 635, 640, 100 S.Ct. 1920, 1923, 64 L.Ed.2d 572 (1988); *Mark v. Borough of Hatboro,* 51 F.3d 1137, 1141 (3d Cir.1995), *cert. denied,* 516 U.S. 858, 116 S.Ct. 165, 133 L.Ed.2d 107 (1995). The plaintiff must also establish that it was the acts of the defendant which caused the constitutional deprivation. *See: Rizzo v. Goode,* 423 U.S. 362, 370–371, 96 S.Ct. 598, 604, 46 L.Ed.2d 561 (1976); *Duchesne v. Sugarman,* 566 F.2d 817, 831 (2d Cir. 1977).

■ The traditional definition of action under color of state law requires that one liable under § 1983 have exercised power possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law. *Abbott v. Latshaw,* 164 F.3d 141, 146 (3d Cir.1998). To act "under color of" state law for § 1983 purposes does not necessarily require that the defendant be an officer of the State. Rather, it is enough that the defendant is a willful participant in joint action with the State or its agents. *Dennis v. Sparks,* 449 U.S. 24, 101 S.Ct. 183, 186, 66 L.Ed.2d 185 (1980). A person may therefore be found to be a state actor when (1) he is a state official, (2) he has acted together with or has obtained significant aid from state officials, or (3) his conduct is, by its nature, chargeable to the state. *Angelico v. Lehigh Valley Hospital,* 184 F.3d 268, 277 (3d Cir.1999).

### A. Plaintiffs' claims against the officer and parking enforcement officer defendants.

In the case at bar, the plaintiff alleges that by arresting and commencing "a malicious or abusive criminal prosecution against him," the police officer defendants Kissel and Doucette and the parking enforcement defendants Skerle and Eynon, "while acting under color of state law deprived [them] of [their] federally secured

rights, immunities and privileges to liberty, free speech, unreasonable search and seizure, equal protection, procedural due process, and substantive due process as secured by the United States Constitution under the First, Fourth, Ninth and Fourteenth Amendments," in violation of 42 U.S.C. § 1983. Plaintiffs also aver that "Defendant Kissel and Dougherty, while acting in concert and/or individually agreed to and/or did commence state criminal process against Plaintiff G. Douris for engaging in First Amendment protected activities, to wit, seeking to obtain public records to show the Doylestown Borough parking meters violated federal and state law, and thus the parking violation prosecution was illegal, and for seeking information on how federal FEMA money is being used by Bucks County and the Bucks County Emergency Service Department." (Complaint, Counts I and II).

Accepting these averments and the inferences reasonably deducible therefrom as true, we must conclude that Plaintiff has adequately pled a § 1983 claim under the First and Fourth Amendments only against Officers Doucette and Kissel. To be sure, the First Amendment protects an individual's rights to the free exercise of religion, free speech, and to peaceably assemble and petition for a redress of grievances. To establish a § 1983 claim of retaliation for the exercise of free speech, Plaintiffs must prove that: (1) Defendants were acting under color of state law; (2) Plaintiffs' speech activities were protected under the First Amendment; and (3) Plaintiffs' exercise of their protected right was a substantial or motivating factor in Defendants's actions. *See: Merkle v. Upper Dublin School District,* 211 F.3d 782, 793 (3d Cir.2000); *Harrington v. Harris,* 118 F.3d 359, 364 (5th Cir.1997); *Bernheim v. Litt,* 79 F.3d 318, 324 (2d Cir.

1996); *Keenan v. City of Philadelphia,* 983 F.2d 459, 466 (3d Cir.1992).

The Fourth Amendment, in turn, protects against unreasonable searches and seizures while the Fourteenth dictates that "[n]o State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any State deprive any person of life, liberty or property without due process of law, nor deny to any person within its jurisdiction of the equal protection of the laws." In determining whether there exists a substantive constitutional right to be free from malicious or criminal prosecution without probable cause, the U.S. Supreme Court has refused to recognize such a right under the Due Process Clause of the Fourteenth Amendment, although it has intimated that relief could be obtained under the Fourth. *Albright v. Oliver,* 510 U.S. 266, 268, 114 S.Ct. 807, 810, 127 L.Ed.2d 114 (1994). Moreover, to state such a malicious prosecution claim under the Fourth Amendment, the plaintiff must show some deprivation of liberty consistent with the concept of seizure and that the allegedly malicious proceedings terminated in his favor. *Donahue v. Gavin,* 280 F.3d 371 (3d Cir.2002); *Torres v. McLaughlin,* 163 F.3d 169 (3d Cir.1998); *Gallo v. City of Philadelphia,* 161 F.3d 217, 221 (3d Cir.1998). *See Also: Heck v. Humphrey,* 512 U.S. 477, 484, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994).

In light of the very liberal notice pleading standard adhered to in the federal courts, we find that plaintiffs' averments adequately plead a First Amendment cause of action for police officer Kissel's purported infringement of their right to address and defend the parking violations against them and a Fourth Amendment claim for Mr. Douris' alleged arrest by Defendants Kissel and Doucette. Given

that the plaintiffs' complaint is devoid of any averments as to any seizure by the parking enforcement defendants, we shall dismiss their Fourth and Fourteenth Amendment claims against those defendants from Count I of the complaint and shall dismiss Count II in its entirety.

Finally, the Ninth Amendment provides that: "[t]he enumeration in the Constitution, of certain rights, shall not be construed to deny or disparage others retained by the people." Nowhere in the plaintiffs' complaint are there any allegations which could be construed as invoking a Ninth Amendment violation. Accordingly, those claims are likewise dismissed in their entirety.

**B. Plaintiffs' Claims Against Mayor Donnelly and the Borough of Doylestown.**

In Count III, Plaintiffs seek to hold the Borough of Doylestown and James Donnelly, who is alleged to be the "highest ranking officer, next to the Mayor, for police officers in Doylestown Borough ..." liable under Section 1983.

 A municipality may be held liable under § 1983 only where the municipality *itself* causes the constitutional violation at issue and thus *respondeat superior* or vicarious liability will not attach against a municipal defendant. *Monell v. New York City Department of Social Services*, 436 U.S. 658, 681, 98 S.Ct. 2018, 2036, 56 L.Ed.2d 611 (1978). Instead, it is only when the execution of the government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the municipality may be held liable under § 1983. *Id.*, 436 U.S. at 694, 98 S.Ct. at 2037–38; *Reitz v. County of Bucks*, 125 F.3d 139, 144 (3d Cir.1997).

 Policy is made when a decision maker possessing final authority to establish municipal policy with respect to the action, issues an official proclamation, policy or edict. *Bielevicz v. Dubinon*, 915 F.2d 845, 850 (3d Cir.1990), citing *Pembaur v. City of Cincinnati*, 475 U.S. 469, 481, 106 S.Ct. 1292, 1299, 89 L.Ed.2d 452 (1986) and *Andrews v. City of Philadelphia*, 895 F.2d 1469, 1480 (3d Cir.1990). Custom can be proven by showing that a given course of conduct, although not specifically endorsed or authorized by law is so well-settled and permanent as virtually to constitute law. In either instance, a plaintiff must show that an official who has the power to make policy is responsible for either the affirmative proclamation of a policy or acquiescence in a well-settled custom. *Id.*

 To determine who has policy-making responsibility, the court must determine which official has final, unreviewable discretion to make a decision or take an action. *Id.; Andrews*, 895 F.2d at 1481. Indeed, under § 1983, only the conduct of those officials whose decisions constrain the discretion of subordinates constitutes an act of the municipality. *Id.*, citing *City of St. Louis v. Praprotnik*, 485 U.S. 112, 127, 108 S.Ct. 915, 926, 99 L.Ed.2d 107 (1988). Finally, in addition to identifying the challenged policy and attributing it to the city itself, a plaintiff must also demonstrate a causal link between the execution of the policy and the injury which he has suffered. *Gottlieb v. Laurel Highlands School District*, 272 F.3d 168, 176 (3d Cir. 2001); *Losch v. Borough of Parkesburg*, 736 F.2d 903, 910 (3d Cir.1984).

 It should be noted that the U.S. Supreme Court has also held that the inadequacy of police training may serve as the basis for § 1983 liability where the failure to train amounts to deliberate indifference to the rights of persons with whom the

police come into contact. *City of Canton, Ohio v. Harris,* 489 U.S. 378, 388–389, 109 S.Ct. 1197, 1204–1205, 103 L.Ed.2d 412 (1989). This is not to say that municipal liability for failure to train can be predicated solely upon a showing that a city's employee could have been better trained or that additional training was available that would have reduced the risk of constitutional injury. *Colburn v. Upper Darby Township,* 946 F.2d 1017, 1029–1030 (3d Cir.1991). However, in light of the duties assigned to specific officers or employees, the need for more or different training may be so obvious and the inadequacy so likely to result in the violation of constitutional rights that the policymakers of the city can reasonably be said to have been deliberately indifferent to the need. *City of Canton, supra.,* 489 U.S. at 390, 109 S.Ct. 1197.

In this case, plaintiffs' only allegation against Defendant Donnelly and the Borough is set forth at paragraph 47 of the complaint:

> As a direct and/or proximate result of Defendant Doylestown Borough's policy or practices regarding arrests, prosecution, and parking violation enforcement through the use of state court, and/or its and Defendant Donnelly's failure to properly train and/or supervise Defendants Kissel, Doucette, Skerle and/or Eynon in areas of arrest, prosecution, and parking enforcement through state court action, the Plaintiffs suffered the aforementioned deprivations, harm, injury, humiliation and extreme embarrassment.

■ Again, viewing these allegations through the lense of the liberal notice pleading standards prescribed by the Federal Rules of Civil Procedure, we find that they are sufficient to survive a Rule 12(b)(6) dismissal motion. *See, e.g.,* Fed. R.Civ.P. 8(a), (e), (f). For this reason, the motion to dismiss of Defendants Donnelly and Doylestown Borough must be denied.

## C. Plaintiffs' State Law Claims.

In Counts IV and VI, Plaintiffs appear to be endeavoring to assert claims under Pennsylvania state law for malicious prosecution and/or abuse of process against the police officer defendants, Kissel and Doucette and Doylestown Borough and James Donnelly and for unspecified violations of the Pennsylvania Human Relations Act and of "the Fuel Use Act, General Municipal Law, Street and Highways Act and state regulatory building code standards."

■ In Pennsylvania, a plaintiff alleging common law malicious prosecution (or wrongful use of civil proceedings) must show (1) the defendants initiated a criminal proceeding; (2) the criminal proceeding terminated in plaintiff's favor; (3) the proceeding was initiated .without probable cause; and (4) the defendants acted maliciously or for a purpose other than bringing the plaintiff to justice. *Merkle v. Upper Dublin,* 211 F.3d at 791; *Hilfirty v. Shipman,* 91 F.3d 573, 579 (3d Cir.1996), citing *Haefner v. Burkey,* 534 Pa. 62, 626 A.2d 519, 521 (1993). *See Also:* 42 Pa.C.S. § 8351; *Ludmer v. Nernberq,* 433 Pa.Super. 316, 640 A.2d 939 (1994).

■ Abuse of process, on the other hand, focuses on the misuse of civil process, which is properly issued upon probable cause, to achieve some object other than the legitimate purpose for which it is designed, as opposed to the wrongful initiation of legal proceedings without probable cause. *Muirhead v. Zucker,* 726 F.Supp. 613, 617 (W.D.Pa.1989), quoting *Denenberg v. American Family Corp. of Columbus, Ga.,* 566 F.Supp. 1242, 1249 (E.D.Pa.1983). Stated otherwise, Malicious use of civil process has to do with the wrongful initiation of such process, while abuse of civil

process is concerned with a perversion of a process after it is issued. *Id.*

 In this case, nowhere do plaintiffs allege that the proceedings allegedly instituted by Officers Kissel and Doucette terminated in favor of Mr. Douris or that there was any perversion of the process against them once issued. We therefore conclude that plaintiffs have failed to state valid claims for either malicious prosecution or abuse of process under Pennsylvania law against any of the named defendants.[1] Count IV is therefore also dismissed.

 We likewise dismiss Plaintiffs' claims under the Fuel Use Act, 72 P.S. § 2615.1, *et. seq.*, the Pennsylvania Human Relations Act, 43 Pa.C.S. § 951, *et. seq.*, the General Municipal Law, Street and Highways Act, 53 P.S. § 180, *et. seq.* against the Borough of Doylestown. Indeed, while a complaint setting forth a claim for relief must contain, inter alia, "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed.R.Civ.P. 8(a)(2), and need not set out in detail the facts upon which the plaintiff bases its claim, the requirement of a "short and plain statement" is designed to give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests. *Burks v. City of Philadelphia*, 904 F.Supp. 421, 423–424 (E.D.Pa. 1995). Such simplified "notice pleading" is made possible by the liberal opportunity for discovery and the other pretrial procedures established by the Rules to disclose more precisely the basis of both claim and defense and to define more narrowly the disputed facts and issues. *Id.*, citing *Conley v. Gibson*, 355 U.S. 41, 47–48, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957); and *Rannels v.*

*S.E. Nichols, Inc.*, 591 F.2d 242, 245 (3d Cir.1979). Stated otherwise, the test for the sufficiency of a complaint requires the plaintiff to set forth a set of facts that serves to put the defendant on notice as to the nature and basis for the claim. *Holder v. City of Allentown*, 987 F.2d 188, 194 (3d Cir.1993); *Orson v. Miramax Film Corp.*, 862 F.Supp. 1378, 1389 (E.D.Pa.1994); *Hicks v. Arthur*, 843 F.Supp. 949, 959 (E.D.Pa.1994).

In this case, Count VI of the complaint consists of the blanket allegation that Doylestown's "omissions and failure to meet curb cut, sign, parking meter and sidewalk requirements violate the Fuel Use Act, 72 C.S. 2615.1, et. seq., 2615.4(1), the Pennsylvania Human Relations Act, 43 P.S. 951, et. seq., the General Municipal Law, Street and Highways Act, 53 C.S. 180, et. seq., [and] state regulatory building code standards ..." In so far as the Fuel Use Act concerns the payment and distribution of available state funds for highway use on local roads and 53 P.S. § 180 addresses the filing of a petition to ensure representation in newly annexed territories, we can find no basis in the complaint to support causes of action under these statutes. Accordingly, and in view of our finding that the remaining averments of Count VI are insufficient to apprise the defendant Borough of the nature and basis of the remaining state law claims against it, Count VI shall also be dismissed. Given that we believe it is plausible that Plaintiffs may be able to plead a cause of action under the Pennsylvania Human Relations Act, however, we shall give them leave to re-plead under this Act should they so desire.

---

1. Furthermore, as against the municipal defendants, we find that they remain immune from these claims under the Pennsylvania Political Subdivision Tort Claims Act, 42 Pa.C.S. §§ 8541, 8542.

### D. Plaintiffs' ADA Claims.

Finally, in Count V of their complaint, the plaintiffs seek relief under Titles II and III of the Americans with Disabilities Act, 42 U.S.C. § 12101, *et. seq.*

▇▇▇▇ The ADA is divided into several Titles. Title I prohibits discrimination by employers, Title II prohibits discrimination by public entities, Title III applies to public accommodations, and Title V prohibits retaliation and coercion. *Darian v. University of Massachusetts,* 980 F.Supp. 77, 79, n. 2 (D.Mass.1997). Under Title II, "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs or activities of a public entity, or be subjected to discrimination by any such entity." To prevail on a claim for violation of Title II of the ADA, the plaintiff must show: (1) that she is a qualified individual with a disability; (2) that she was either excluded from participation in or denied the benefits of some public entity's services, programs or activities, or was otherwise discriminated against by the public entity; and, (3) that such exclusion, denial of benefits or discrimination was by reason of the plaintiff's disability. *Parker v. Universidad de Puerto Rico,* 225 F.3d 1, 5 (1st Cir.2000); *Chisolm v. McManimon,* 97 F.Supp.2d 615, 622–623 (D.N.J.2000); *Darian,* 980 F.Supp. at 84, citing *McDonald v. Commonwealth of Massachusetts,* 901 F.Supp. 471, 478 (D.Mass.1995) and *Lincoln CERCPAC v. Health and Hospitals Corp.,* 920 F.Supp. 488, 497 (S.D.N.Y.1996). An entity discriminates against a disabled individual when it fails to make reasonable modifications for that person. If the modifications would fundamentally alter the nature of the institution, however, it is not obliged to make the modifications. *Id.;* 42 U.S.C. § 12182(b)(2)(A)(ii).

▇▇▇ Title III of the ADA protects individuals against discrimination "on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation." See 42 U.S.C.A. § 12182(a). To establish liability under this section, a plaintiff must prove that he or she (1) has a disability; (2) was discriminated against on the basis of that disability; (3) was thereby denied goods or services; (4) by a place of public accommodation by the owner or operator of that facility. *Little v. Lycoming County,* 912 F.Supp. 809, 818 (M.D.Pa.1996); *Sharrow v. Bailey,* 910 F.Supp. 187, 191 (M.D.Pa.1995).

▇▇▇ In application of the foregoing to the plaintiffs' complaint in this case, we note that plaintiffs do not appear to be complaining of any exclusion from or deprivation of any benefits, goods or services as the result of Mr. Douris' disability. Rather, it appears that the gravamen of Plaintiffs' complaint is only that Doylestown Borough does not have enough parking spaces to comply with Title III, and that the height of its parking meters and its curb cuts do not comply with Title II. In the absence of some connection between Plaintiffs' observance that the Borough of Doylestown's parking facilities are not in compliance with the various implementing regulations of the Code of Federal Regulations and his own deprivation of a benefit, good or service offered by a public entity or owner of a place of public accommodation, we cannot find that a valid cause of action has been pled under either Title II or III of the ADA. Count V of the complaint is therefore also dismissed, albeit without prejudice to Plaintiffs' right to re-

plead.[2]

An appropriate order follows.

### ORDER

AND NOW, this 15th day of March, 2002, upon consideration of the Motion of Defendants Joseph Kissel, William Doucette, Doylestown Borough, James C. Donnelly, Ruth Ann Eynon and Bertha Skerle to Dismiss the Plaintiffs' Complaint and Plaintiffs' response thereto, it is hereby ORDERED that the Motion is GRANTED in PART and DENIED in PART and all of Plaintiffs' claims against Defendants Eynon and Skerle and Plaintiffs' claims under the First and Ninth Amendments in Count I and Counts II, IV, V and VI are DISMISSED in accordance with the preceding Memorandum Opinion.

In all other respects, the Motion is DENIED.

**2.** In so holding, however, we note that it appears somewhat questionable as to whether Title III in fact applies to public entities such as the Borough of Doylestown. *See, e.q.,* 42 U.S.C. § 1231; *Dahlberg v. Avis Rent A Car System, Inc.,* 92 F.Supp.2d 1091, 1099 (D.Colo.2000); *Crowder v. Kitagawa,* 842 F.Supp. 1257, 1267 (D.Hawai'i 1994).