**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**DEC 2 2004**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

LEWIS MOSER, JR.,

        Plaintiff-Appellant,

    v.

STATE OF OKLAHOMA, KAY
CHRISTIANSEN, RICHARD
SMOTHERMON; KURT SHIREY,

        Defendants-Appellees.

No. 04-6127

Western District of Oklahoma

(D.C. No. CIV-03-1734-M)

LEWIS MOSER, JR.,

        Plaintiff - Appellant,

    v.

KAY CHRISTIANSEN; RICHARD
SMOTHERMON; JUDGE COMBS;
KURT SHIREY; JUDGE BLACK;
JUDGE OWENS; STATE OF
OKLAHOMA,

        Defendants - Appellees.

No. 04-6128
Western District of Oklahoma
(D.C. No. CIV-03-1735-M)

ORDER AND JUDGMENT [*]

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Before **EBEL** , **MURPHY** , and **McCONNELL** , Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). This case is therefore submitted without oral argument.

Lewis Moser, Jr., a pro se plaintiff, appeals the district court's dismissal of two civil actions he filed against the State of Oklahoma and various individual defendants. The two cases were consolidated for purposes of this appeal. We have jurisdiction under 28 U.S.C. §§ 1291 and 2253. After carefully reviewing the records, we find no error in the district court's rulings and therefore AFFIRM.

Mr. Moser titled his complaint in No. 03-1734 "Habeas Corpus Complaint." Doc. No. 1 at 1. The complaint sought damages from the State and Sheriff Kurt Shirey for numerous arrests that "in [Mr. Moser's] opinion [were] without due process" and for the loss of a handgun and an antique coin collection. Doc No. 1 at 1–2. Mr. Shirey moved to dismiss the complaint, arguing the court lacked jurisdiction because Mr. Moser was not currently in state custody. [1] The district

---

[1] Mr. Shirey moved to dismiss under Rule 12(b)(6) for failure to state a claim but supported his motion by asserting that "the Court is without jurisdiction." R. Doc. No. 5 at 3. Jurisdictional defenses are properly raised under Rule 12(b)(1) or 12(b)(2), not 12(b)(6). Since the standard of review is de

(continued...)

court found "that plaintiff has failed to allege that he is currently in custody, that no charges have been filed against plaintiff, and that plaintiff is, in fact, not currently in custody." Doc. No. 10 at 2. The court then dismissed the action for lack of jurisdiction. *Id.*

We review de novo a district court's decision to dismiss a complaint for lack of subject matter jurisdiction. *Radil v. Sanborn Western Camps, Inc.*, 384 F.3d 1220, 1224 (10th Cir. 2004). Habeas corpus relief is available only to those in state or federal custody. *See* 28 U.S.C. § 2241(c). The custody requirement is jurisdictional. *Foster v. Booher*, 296 F.3d 947, 949 (10th Cir. 2002). Our independent review of the record reveals that Mr. Moser never alleged that he was, and that he actually was not, in custody. Thus, the district court properly found it lacked jurisdiction and dismissed Mr. Moser's complaint.

In his reply brief, however, Mr. Moser acknowledges 28 U.S.C. §§ 2241, 2253, 2254, and 2255 "are part of the Habeas Corpus Act" but alleges "they do not pertain" to his case. Appellant's Reply Br. at 1. In his own words, Mr. Moser explains the purpose of his Habeas Corpus complaint. We quote Mr. Moser verbatim, without correcting spelling or other errors.

> The petition Habeas Corpus, Writ, was initially, placed to produce a hearing, to determine legal cause, for the disapperance of

---

[1](...continued)
novo in both contexts, this error is of no consequence.

-3-

the plaintiff's antique coins, which could only be answered by, personnal attendance, to the court. Also the indefferece, to the Law, reguarding, protection, equally, according, to the Constitution of the United States, given those rights. Rights, when taken away, can be compensated, for by civil action

Pursuant to, Title 42, U.S.C. 1983, Civil Rights, the plaintiff, made a claim by petition, stating pertinent facts, concerning his rights being violated. Defendant's rebuttel (Brief in Chief), in his own words, (In short, assuming arguendo, a claim pursuant to 1983, could be discerned from the complaint.), a dismissal, should not be gained by, this statement, accordingly.

This action, in the Supreme Court, 10th Circuit, is, the failure of, this State's, leaders, to promote, truth, honesty, integrity, in personnel chosen, to maintain the highest system, of our state, the Judicary. Corruption has become, the mainstem, of thier existance. If you don't pay, you don't win your case. accusations, of bribery and indecency, has been reported, on our local television news station.

The experience, in these documents, are a testimony to that leadership. By the grace of God, I'am aloud to place this, prima face evidence, in your hands. The pressure has escalated, to the point, I can no longer achieve my goals.

Individuals, named in this package, are watching, as I work and they copy all materials, I prepare for court. This knowledge of my writtings, flow out, to everone, that has a position, to cancel or dismiss, all efforts, to gain releif.

Oppression of one's rights, are hard to over-come, as these six years, have passed.

Appellant's Reply Br. at 2–4. Thus, instead of freedom from unlawful custody, Mr. Moser apparently sought to compel certain individuals to appear in court. But even assuming Mr. Moser's true intentions could have been discerned from his apparently mistitled "Habeas Corpus" complaint, the district court could not have interpreted his allegations in a manner that supported his hidden intentions and allowed his complaint to survive Mr. Shirey's motion to dismiss. *See Ogden*

*v. San Juan County*, 32 F.3d 452, 455 (10th Cir. 1994) ("While we of course liberally construe *pro se* pleadings, an appellant's *pro se* status does not excuse the obligation of any litigant to comply with the fundamental requirements of the Federal Rules of Civil and Appellate Procedure."). We thus AFFIRM the dismissal of No. 03-1734.

Mr. Moser's complaint in No. 03-1735 was slightly more detailed. He named as Defendants the State of Oklahoma, three Oklahoma state court judges (Judges Combs, Black, and Owens), Assistant District Attorneys Kay Christiansen and Richard Smothermon, and Sheriff Shirey. (R. Doc. No. 1 at 1.) He requested more than fourteen million dollars in damages for alleged civil rights violations stemming from allegedly unlawful arrests and his loss of a handgun and an antique coin collection. (*Id.*)

The district court dismissed Mr. Moser's claims against Mr. Shirey based on both Fed. R. Civ. P. 8(a) and 12(b)(6). The court found Mr. Moser's complaint, even liberally construed, did not comply with Rule 8(a) because it did "not adequately inform defendant Shirey of the claims against him." Doc. No. 14 at 3. The court also found "that the claims against Shirey are incomprehensible." *Id.* Additionally, the court concluded dismissal was warranted under Rule 12(b)(6), finding "that the allegations against Shirey are a conglomeration of

vague and conclusory allegations" and "that no facts are alleged which are sufficient to support a cause of action." *Id.* at 6.

The district court also dismissed Mr. Moser's claims against the judges and ADAs ("State Defendants") under Rule 8(a). It found "that the conglomeration of allegations against these defendants is so incomprehensible and vague as to fail to give 'fair notice as to what the plaintiff's claim is and the grounds upon which it rests.'" *Id.* at 7, quoting *Burks v. City of Philadelphia*, 904 F. Supp. 421, 423–24 (E.D. Pa. 1995).

Notably, the district court gave Mr. Moser twenty days following its Rule 8(a) dismissals to cure the deficiencies in his complaint. *Id.* at 8. When Mr. Moser failed to do so, the court entered final judgment dismissing his complaint. (R. Doc. Nos. 18, 19.)

We review de novo a district court's dismissal of a complaint under Rule 12(b)(6), *Duran v. Carris*, 238 F.3d 1268, 1270 (10th Cir. 2001), and its dismissal of a complaint under Rule 8(a) for abuse of discretion. *See Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Rule 8(a) "requires that a complaint contain a short and plain statement of the claim showing that the pleader is entitled to relief." *Monument Builders of Greater Kansas City, Inc. v. Am. Cemetery Ass'n of Kan.*, 891 F.2d 1473, 1480 (10th Cir. 1989) (internal quotation marks omitted). The rule requires litigants to draft complaints that "give opposing parties fair

notice of the basis of the claim against them so that they may respond to the complaint, and to apprise the court of sufficient allegations to allow it to conclude, if the allegations are proved, that the claimant has a legal right to relief." *Id.*, quoting *Perington Wholesale, Inc. v. Burger King Corp.*, 631 F.2d 1369, 1371 (10th Cir. 1979).

We have reviewed Mr. Moser's complaint and agree with the district court's findings of vagueness and incomprehensibility. The Defendants could not have discerned Mr. Moser's claims or prepared a defense. Mr. Moser also did not amend his complaint within the twenty days the district court allowed. Accordingly, the district court did not abuse its discretion by dismissing Mr. Moser's complaint under Rule 8. Because we resolve the appeal based on Rule 8, we need not reach the propriety of the district court's Rule 12 dismissal.

The judgment of the United States District Court for the Western District of Oklahoma is **AFFIRMED**. Appellant's motion for leave to proceed on appeal without prepayment of costs and fees is denied. Appellant's motion for summary judgment is now moot.

Entered for the Court,

Michael W. McConnell
Circuit Judge