**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**October 7, 2008**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

WILLIAM C. WHITEHEAD; SAM E.
TAYLOR,

       Plaintiffs - Appellants,

v.

ED SHAFER, in his official capacity as
Secretary of Agriculture; CHARLES
HAGGERTY; JOHN VAN METER; JOHN
DOE, individuals; JOHN DOE, as
employee agents of the United States of
America acting through the Farm Services
Administration,

       Defendants - Appellees.

No. 08-6112
(D. Ct. No. CIV-07-1031-W)
(W.D. Okla.)

---

**ORDER AND JUDGMENT**[*]

---

Before **TACHA**, **KELLY**, and **McCONNELL**, Circuit Judges.

---

After examining the briefs and the appellate record, this three-judge panel has

determined unanimously that oral argument would not be of material assistance in the

determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The

case is therefore ordered submitted without oral argument.

---

[*]This order and judgment is not binding precedent except under the doctrines of
law of the case, res judicata and collateral estoppel. It may be cited, however, for its
persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

The plaintiffs-appellants William C. Whitehead and Sam E. Taylor, both proceeding pro se, filed this action in September 2007 against the defendant-appellee Ed Shafer, in his official capacity as Secretary of Agriculture, as well as defendants-appellees Charles Haggerty, John Van Meter and John Doe, individually and in their official capacities as employees and agents of the Farm Services Administration. On April 29, 2008, the district court dismissed the plaintiffs' complaint for failing to comply with Fed. R. Civ. P. 8(a)(2). The court also stated that dismissal was warranted because the complaint did not state a claim under Fed. R. Civ. P. 12(b)(6). In addition, the district court found that the plaintiffs had not properly served Mr. Haggerty and dismissed him from the action pursuant to Fed. R. Civ. P. 4(m). The plaintiffs filed a timely notice of appeal. We have jurisdiction under 28 U.S.C. § 1291, and because we conclude that the district court properly dismissed the complaint under Rule 8(a), we AFFIRM.

## I. DISCUSSION

Although a pro se litigant's pleadings are entitled to a liberal construction, the litigant is still required to follow the rules of civil procedure. *See Ogden v. San Juan County*, 32 F.3d 452, 455 (10th Cir. 1994). This Court will not craft legal theories or construct factual allegations to support a pro se litigant's complaint. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991); *Glenn v. First Nat'l Bank in Grand Junction*, 868 F.2d 368, 371–72 (10th Cir. 1989).

The district court did not abuse its discretion in dismissing the plaintiffs' complaint under Rule 8(a)(2). *See Moser v. Oklahoma*, 118 Fed. Appx. 378, 381 (10th Cir. 2004)

- 2 -

(unpublished) (setting forth standard of review).  Under Rule 8(a)(2), a complaint "must contain . . . a short and plain statement of the claim showing that the [plaintiff] is entitled to relief."  "The purpose of a modern complaint is to give opposing parties fair notice of the basis of the claim against them so that they may respond to the complaint, and to apprise the court of sufficient allegations to allow it to conclude, if the allegations are true, that the claimant has a legal right to relief."  *Monument Builders of Greater Kansas City, Inc., v. Am. Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989) (quotations omitted).  Accordingly, a district court may dismiss a pro se complaint when, even liberally construed, it "is incomprehensible."  *See Carpenter v. Williams*, 86 F.3d 1015, 1016 (10th Cir. 1996); *see also Moser*, 118 Fed. Appx. at 380–81 (affirming dismissal under Rule 8(a) where the complaint was vague and incomprehensible to the point that the defendants could not discern the claims or prepare a defense).

The district court acted well within its discretion in this case.  The complaint recites an array of statutory and common-law causes of action with little, if any, connection to the factual allegations.  Indeed, the factual allegations themselves are sufficiently confusing and disjointed so as to render the legal claims incomprehensible.  The defendants maintain that as a result they are unable to meaningfully assess and assert applicable defenses.  We agree.  Because even a liberal reading of the plaintiffs' complaint does not bring it within the ambit of Rule 8(a)(2), the district court properly dismissed the action.

In their brief on appeal, the plaintiffs raise a host of issues that are generally

related to the plaintiffs' extensive litigation against these defendants but do not appear to arise from the district court's dismissal under Rule 8(a)(2) of the plaintiffs' most recent complaint. Thus, we do not address them in this appeal. To the extent that the plaintiffs' claims are properly before this Court, such as their assertion that the district court should have granted their April 3, 2008 "Motion To Compel the Defendant 'Show Cause'—That It Has Not Schemed To Inject Fraud into This Court's Proceedings Held To Dispose of Hazardous Environmental Waste 42 U.S.C. 9607(a)(4)(B)," we agree with the district court that this motion and all other motions became moot upon the dismissal of the plaintiffs' complaint. Finally, although the plaintiffs assert at the beginning of their brief that the district court judge should recuse himself, they set forth no facts or legal argument to support this claim.

## II. CONCLUSION

The district court's dismissal of this action is AFFIRMED.

ENTERED FOR THE COURT,


Deanell Reece Tacha
Circuit Judge