**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

**August 25, 2022**

**Christopher M. Wolpert**
**Clerk of Court**

_____

DAWUD CANAAN STURRUP
GABRIEL,

     Plaintiff - Appellant,

v.

TRANS AM TRUCKING COMPANY,

     Defendant - Appellee.

No. 22-3102
(D.C. No. 2:22-CV-02126-JWB-ADM)
(D. Kan.)

_____

**ORDER AND JUDGMENT**[*]

_____

Before **PHILLIPS**, **MURPHY**, and **EID**, Circuit Judges.

_____

Dawud Canaan Sturrup Gabriel, proceeding pro se,[1] challenges the district

court's dismissal of his amended complaint and the denial of various motions related

to the dismissal of that complaint. Exercising jurisdiction under 28 U.S.C. § 1291, we

affirm.

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[1] Because Gabriel is a pro se litigant, we liberally construe his filings, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), without acting as his advocate, *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

## BACKGROUND

In April 2022, to allege a single claim under the Americans with Disabilities Act against Trans Am Trucking Company, Gabriel submitted a 195-page complaint that contained over 100 pages of attachments. The district court ruled that the complaint did not comply with Federal Rule of Civil Procedure 8(a) and ordered Gabriel to submit an amended complaint.

Just three days after the district court's order, Gabriel filed a 190-page amended complaint that again contained over 100 pages of attachments.[2] Gabriel then filed a motion requesting the district-court judge to recuse himself from the case and to vacate the order dismissing his original complaint.

After that, Gabriel moved for an extension of time to complete service and to file a second amended complaint. A magistrate judge denied this motion without prejudice. In response, Gabriel moved to vacate the magistrate judge's order.

The district court, in a single order, dismissed the amended complaint without prejudice for again failing to comply with Rule 8(a), denied the motion to recuse and to vacate the order dismissing the original complaint, and denied the motion to vacate the magistrate judge's order. Gabriel now appeals each denial. And he also separately requests that we order the district-court judge to recuse himself from the case.

---

[2] Gabriel asserts that he filed his amended complaint to correct the numbering of sections in his original complaint.

## DISCUSSION

### I.    Dismissal of Amended Complaint

We review a district court's dismissal of a complaint under Rule 8(a) for abuse of discretion. *United States ex rel. Lemmon v. Envirocare of Utah, Inc.*, 614 F.3d 1163, 1167 (10th Cir. 2010).

Rule 8(a)(2) requires a complaint to contain "a short and plain statement of the claim showing that the [plaintiff] is entitled to relief." The rule's purpose is "to give opposing parties fair notice of the basis of the claim against them so that they may respond to the complaint, and to apprise the court of sufficient allegations to allow it to conclude, if the allegations are proved, that the claimant has a legal right to relief." *Whitehead v. Shafer*, 295 F. App'x 906, 908 (10th Cir. 2008) (citation omitted). Under this rule, a district court may dismiss a complaint when it "is incomprehensible." *Id.* (citation omitted).

Here, the district court dismissed Gabriel's amended complaint because it contained "so much extraneous material and so few allegations relevant to any claim against Trans Am Trucking Company that the court [could] not discern from the complaint or the amended complaint if [Gabriel] might have a viable claim." R. vol. 2 at 7. Upon review of the amended complaint, we agree with this conclusion. Gabriel's repeated assertion that the district court's dismissal was an abuse of discretion does not make it so.

## II.    Motions to Vacate

We review for abuse of discretion a district court's denial of a motion to vacate. *Rio Grande Silvery Minnow v. Bureau of Reclamation*, 601 F.3d 1096, 1129 (10th Cir. 2010).

Gabriel argues that the district court abused its discretion by allowing a magistrate judge to participate in the proceedings without his consent. But as the district court correctly noted, under 28 U.S.C. § 636(b)(1)(A), a magistrate judge may rule on certain pretrial matters without the parties' consent. R. vol. 2 at 8; *see also UFCW Loc. 880-Retail Food Emps. Joint Pension Fund v. Newmont Mining Corp.*, 261 F. App'x 105, 109 (10th Cir. 2008) (noting that § 636(b)(1)(A) "do[es] not require consent from a party"). Thus, the fact that a magistrate judge ruled on one of Gabriel's motions is no ground for reversal.

As for Gabriel's motion to vacate the order requiring him to file an amended complaint, the court did not abuse its discretion in denying it. Like the amended complaint, the original complaint contained so many irrelevant allegations and extraneous materials that the district court did not abuse its discretion in finding that the complaint did not comply with Rule 8(a).

## III.    Recusal of District-Court Judge

We "review a district court's denial of a motion to recuse or disqualify a judge for abuse of discretion." *United States v. Mobley*, 971 F.3d 1187, 1195 (10th Cir. 2020) (citation omitted). Gabriel asserts that the district-court judge is envious of "the substantial monetary judgment [he] may receive" for his claim and should thus

4

not be permitted to preside over this case. Opening Br. at 28. As evidence of this bias, Gabriel points out that the district-court judge dismissed his complaints and denied his motions. But "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion." *Liteky v. United States*, 510 U.S. 540, 555 (1994). We agree with the district-court judge that Gabriel has presented no other viable evidence of bias. And for the same reasons, we deny Gabriel's request to remove the district-court judge from the case.

## CONCLUSION

For these reasons, we affirm.

Entered for the Court

Gregory A. Phillips
Circuit Judge